## Jankaitis, Appellant, *v.* Harleigh Brookwood Coal Co.

Argued December 14, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Roger J. Dever,* for appellant.

*Roy P. Hicks,* with him *G. Harold Watkins,* for appellee.

OPINION BY PARKER, J., January 31, 1939:

We are all of the opinion that the court below in this workmen's compensation case correctly held that the claimant was not entitled to compensation for the death of her husband, notwithstanding the facts that the defendant employer had paid the deceased compensation for disability up to the time of his death under an award and the disability and cause of death had their origin in the same occurrence.

To get the precise question involved and avoid any misunderstanding of the effect of this decision it is necessary to make some reference to the facts. Stanley Jankaitis contracted pneumonia on September 15, 1930, while in the course of his employment with the defendant. He filed a claim for compensation, an award was made by a referee and on appeal the award was affirmed by the Workmen's Compensation Board. No appeal was taken from the action of the board and compensation was paid to him until April 25, 1934, when he died.

His widow then filed a claim for compensation and a referee made an award in her favor. On appeal to the board, the award was set aside, the board holding that the evidence clearly established the facts that while the death may have had its origin in an occurrence which took place while the deceased was in the course of his

employment, such occurrence was not an accident as that term is used in the workmen's compensation statutes and, particularly, that the original award for disability was made as the result of a mistake of law. On appeal to a court of common pleas the action of the board was affirmed and judgment was entered for the defendant.

When Jankaitis finished his work in a mine on September 15, 1930, he was very warm and, while waiting for the hoist to take him to the surface, he was exposed to a severe draft. He contracted pneumonia and there was evidence tending to show that the pneumonia was due to his exposure to the draft. As a result he was disabled to the date of his death. His condition grew progressively more serious as he developed tuberculosis and a pus condition in his chest resulting in his death.

At the hearing on this claim all the evidence received on the claim for disability and the award of the board were received in evidence without objection upon the part of the defendant, and upon that evidence alone the claimant depended to prove an accident. The additional evidence furnished in this case all bore on the relationship of the widow and their children and their ages and on the causal connection between the pneumonia contracted in a draft and his death. In short, in all the evidence produced there was not only no evidence that the deceased worked under or encountered any different conditions on September 15, 1930, than on any other day that he was employed by the defendant company, but the claimant admitted that the conditions were always the same as on that day.

It is not seriously contended by the appellant that the evidence would support a finding that there was an accident, but she relies upon the fact that the award in the disability case was conclusive in this proceeding and it is with that question that we are concerned. The appellant in her brief contends that the board in the present case "was not justified in disturbing the find-

ings of the Compensation Referee under this entire record, since it was adjudicated on a former occasion ...... that what happened to the decedent in this case was an accident, and said finding was supported by competent evidence."

The board in its opinion stated that it was forced to the conclusion that the conditions which resulted in pneumonia "were the ordinary and usual conditions which prevail in that mine" and then concluded as follows: "Under the circumstances, even if the law at the time of the original award to deceased would permit of a finding that the attack of pneumonia resulted from a compensable accident, the recent decisions of the appellate courts, as summarized in *Lacey v. Washburn & Williams Co.*, 309 Pa. 574 [164 A. 724], indicate flatly that the facts recited do not constitute an accident." In that conclusion the board was precisely correct. In two recent cases, *Parks v. Miller Printing Machine Co.*, 133 Pa. Superior Ct. 530, 4 A. 2d 831 and *Mazza v. Kensington Water Co.*, 133 Pa. Superior Ct. 559, 3 A. 2d 282, we have dealt fully with that very subject and it is not necessary to repeat what we there said.

Since the testimony bearing upon the accident relied upon by claimant was produced by her and is accepted as verity, the question involved was one of law: *Stahl v. Watson Coal Co.*, 268 Pa. 452, 454, 112 A. 14; *Callihan v. Montgomery*, 272 Pa. 56, 62, 115 A. 889. The entire controversy settles around the nature of the occurrence at defendant's plant and the primary inquiry is whether it was an accident. The relevant facts are not in dispute and come from the mouths of claimant's witnesses. "The question whether or not the vital point [that decedent was injured in the course of his employment, as defined by the act] sought to be deduced from the basic facts may fairly be inferred therefrom, is one of law and may be reviewed": *Stahl v. Watson Coal Co.*, supra (p. 454).

The appellant contends that the finding made in the disability case that Jankaitis suffered an accident is binding on the defendant in this claim for death of claimant's husband. It is a very common experience, in cases involving questions of the character raised here, for a party to use the terms "res adjudicata", "estoppel", and "bar" indiscriminately. The same confusion is found in the arguments made in this case, although special emphasis is placed upon the principle described as "res adjudicata." We think it clear that the award in the disability case was not res adjudicata in the death claim, for there is not here identity of the persons or parties to the action or identity of the thing sued for: *Bucks v. American Cigar Box Lumber Co.*, 112 Pa. Superior Ct. 193, 170 A. 373. The claimant in one proceeding was the husband and in the other his widow. The compensation allowable to each was by virtue of separate and distinct provisions of the statute. Each right was independent of the other.

In *Hennessey v. United Stove Repair Co.*, 68 Pa. Superior Ct. 553, we held that where employer and employee entered into a compensation agreement and compensation was paid and the employee subsequently died, the compensation agreement was not conclusive in a claim for his death, and particularly, that the compensation agreement was not res adjudicata that the claimant was injured in the course of his employment with the defendant. Judge (now Chief Justice) KEP-HART there said (p. 558): "The compensation agreement was not conclusive between the parties, its weight as evidence was for the board. It, with all the evidence submitted, should have been considered by them."

In *Swiderski v. Rainey*, 114 Pa. Superior Ct. 221, 173 A. 458, the matter relied upon was likewise a compensation agreement followed by an award but the claimant died nineteen days after the award was made by a referee and no appeal was taken therefrom. We held that the award and payment of compensation to

the injured party was not conclusive evidence of the nature of the injury in a claim by his widow.

The effect of an agreement and an award is not the same. While an agreement may be set aside for fraud or mistake of law or fact under the first paragraph of §413 (77 PS 771) of the Workmen's Compensation Act, that provision does not extend to awards. Prior to the last amendment of §413, the Supreme Court in *Wooley v. E. M. Wichert Co.,* 275 Pa. 167, 170, 118 A. 765, held that the employer was not entitled to have a mistake of law in an award reviewed after the time had expired for taking an appeal.

Somewhat analogous situations have been considered by the courts in determining whether the so-called "law of the case" was applicable to a particular situation. While we do not mean to hold that the law of the case is strictly applicable here, the underlying principles in the two situations are so similar that the announced principles are at least helpful. In *Reamer's Estate,* 331 Pa. 117, 200 A. 35, it was held that even though letters of administration were granted to an individual designated by the cousins of decedent on the ground that they had an interest in the estate and such action was on appeal sustained by the Supreme Court (315 Pa. 148, 172 A. 655) and that decision could not have been reached unless the court in the earlier case concluded that the cousins were rightful heirs, such conclusion was not binding on final distribution of the estate when it was shown that the original finding was based on a mistake of law. Also, see *Boytor's Estate,* 130 Pa. Superior Ct. 591, 198 A. 484. In *Kellerman's Estate,* 52 Pa. Superior Ct. 412, 242 Pa. 3, 88 A. 865, it was held that though errors committed with regard to one fund may be irremediable as to it they do not impose upon the court the necessity of persisting in the same errors in the disposition of a subsequent fund in the same estate. Mr. Justice STEWART there said (p. 12) : "Though the decree in the first may have rested on a mis-

taken application of a rule of law—a circumstance which can only be inquired into on appeal—so long as the decree stands it is conclusive with respects to all rights in the fund distributed; but it cannot be made the basis of an estoppel when another distinct fund is to be distributed though it be part of the same estate. The law applied in the first distribution if inapplicable, is not the law of the case; the duty of the auditing judge in distributing on a second amount is to distribute according to law, just as this is the duty of a judge in the first distribution; and in discharging this duty he must be free to disregard a decision of his own, or that of another, upon the same bench, which as he is better informed he would reject."

Those principles should be applied here. The plain logic of the situation presented here is that we are dealing with two distinct funds and separate rights—in one case with the compensation to which the injured party was entitled, and in the other with the compensation to which his widow and children are entitled after his death. The rights arise under different provisions of the statute. They involve two separate and distinct parties and actions. Each action has its own subject matter and is to be treated as a separate action between different parties. The adjudication in the proceeding for disability was, when unappealed from within the time prescribed by statute, conclusive upon the employer in that action, but that is the extent to which estoppel is effective. When a new matter was the subject to be determined and new parties were involved certainly an error of law should not be perpetuated. It clearly appearing that the original determination of liability for compensation was founded on a mistake of law, the judgment must be affirmed.

Judgment affirmed.