## Rossi *v.* Hillman Coal & Coke Co., Appellant.

Argued April 16, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*R. M. Steffler,* for appellant.

*Fred J. Jordan,* with him *Murray J. Jordan,* for appellee.

Opinion by Kenworthey, J., June 30, 1941:

In this workmen's compensation case there are presented two questions: (1) Was there sufficient evidence to support the finding of the board that there was a causal connection between the injury and death? and (2) Did the execution of a final receipt during his lifetime by the injured employee bar the widow's right to death benefits?

The decedent was a coal car loader and on January 9, 1931 while in the course of his employment sustained accidental injuries to his back. After receiving compensation for about three months, he executed and delivered a final receipt and returned to work. Three years later, he became acutely ill and one month thereafter, on May 31, 1934, he died. The claim petition of the widow was filed within a year after the death. The referee made an award of compensation which was affirmed by the board and the court of common pleas.

(1) The only issue of fact was whether the death was caused by the original injury. According to claimant, the injury originally was sufficiently severe to cause a black and blue mark the size of the palm of the hand in the lumbar region of the back; decedent's legs were immediately paralyzed so that it was necessary to carry

him home and put him to bed, where he remained for a month without the use of his legs; although he was able to work during a period of three years, he frequently complained of pain in his back and abdomen which on many occasions was severe enough to confine him to his home and keep him from work; for over a year prior to his death, the condition seemed to grow progressively worse; and the symptoms of his final illness were paralysis of the legs accompanied by pain in the back and abdomen. In the opinion of the attending physician, the cause of death was sarcoma of the spine. He and another physician gave unqualified opinions that the sarcoma was the direct result of the original injury. On the other hand, according to experts called by appellant, death resulted from a respiratory infection, influenza.

Appellant's argument on this aspect of the case is directed at the testimony of claimant's physicians. Although their competency as experts was not questioned at the hearing before the referee, their opinions are attacked because (a) they were in answer to hypothetical questions and without having seen the decedent at the time of his original injury, (b) an autopsy would have furnished a more reliable basis for their diagnosis and none was performed, (c) they admitted that sarcoma often develops without an injury and (d) the experts called by appellant possessed a more comprehensive knowledge of the case. However persuasive, these arguments are addressed to the wrong tribunal. They have to do with the question of the weight which should have been given to these opinions. This question was forever buried in the findings of the board. Our jurisdiction is limited to an inquiry whether there was substantial competent evidence to support the finding that the injury caused the death. *Edmiston v. Wolfe,* 134 Pa. Superior Ct. 7, 3 A. 2d 177 (1938).

(2) The final receipt was "prima facie evidence of

the termination of the employer's liability to pay compensation under (the) agreement"[1] and there is nothing in the record to suggest that the employee had any basis for a petition during his lifetime to set it aside. At any rate, he filed none and we must therefore assume that at the time of his death he had no right to compensation. But the right of the widow to secure for herself and dependent children compensation for the death of the employee is, under the act, entirely independent of the right of the employee. It is not derivative and, therefore, not conditioned on the employee having a right at the time of death. This was settled by the Supreme Court in *Smith v. Primrose Tapestry Co.*, 285 Pa. 145, 131 A. 703 (1926), where an injured employee had prior to his death lost his right to compensation by failing to petition for or receive compensation within the statutory period and it was held that the widow was nevertheless entitled to compensation on a showing that the death was caused by the original injury.[2]

The judgment is affirmed.

---

[1] Sec. 434 as amended by Act 1919 June 26, P. L. 642 Sec. 6.

[2] The opposite rule applies in actions for wrongful death under the Acts of 1851 and 1855: *Howard v. Bell Telephone Co.*, 306 Pa. 518, 160 A. 613 (1923).