Wonderlick, Appellant, *v.* The Philadelphia & Reading Coal and Iron Company.

Argued September 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Thomas B. Noonan,* with him *Thomas L. Kennedy, Jr.,* for appellant.

*C. A. Whitehouse,* Assistant Counsel, with him *S. H. Torchia,* Assistant Counsel, *Ralph H. Behney,* Counsel, *Robert E. Woodside,* Attorney General and *Penrose Hertzler,* for appellee.

OPINION BY DITHRICH, J., November 15, 1951:

Claimant-appellant, whose husband, Alex Wonderlick, died as a result of an occupational disease, petitioned for an award of such compensation as might be due her under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201 et seq. The referee's disallowance of compensation was affirmed by the Workmen's Compensation Board, which in turn was affirmed by the Court of Common Pleas of Schuylkill County. Claimant's appeal to this Court followed.

The facts are not in controversy. As a consequence of his employment with defendant the decedent became totally disabled from anthraco-silicosis. His last day of employment was November 23, 1946. He filed a claim for compensation but it was dismissed on the ground that he failed to give due and proper notice to his employer within 90 days of his total disability as required by the Act, supra. Decedent died December 3, 1949, admittedly of anthraco-silicosis. Thirty-one days later claimant filed her claim petition.

The Act, §301(c) as amended, 77 PS §1401(c), provides in part: *"Wherever compensable disability or*

*death is mentioned as a cause for compensation* under this act, *it shall mean only compensable* disability or *death* resulting from occupational disease and *occurring within three years after the date of his last employment* in such occupation or industry." (Italics supplied.) The decedent's death occurred more than three years after the date of his last employment.

The single question of law raised by this appeal is whether §301(c), as amended, bars the claim of decedent's widow under the facts as stated. The pertinent portions of §301(c), italicized supra, permit no other conclusion than that her claim is barred. Where the claim for compensation is founded on death, the meaning of the statute is clear and unambiguous. Such claim is valid only where the death alleged as a cause for compensation has occurred within the three-year period following the date of decedent's last employment.

Claimant relies chiefly on our opinion in *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 43 A. 2d 584. In that case we held that §301(c) did not bar the widow's claim for compensation even though her husband's death occurred more than three years after the date of his last employment. There the decedent, who became disabled and died as a result of an occupational disease, had received an award of compensation for total disability during his lifetime.

The facts before us are different from those in the *Toffalori* case. The following language contained in that case (pp. 314-315) reveals the vital difference between it and the case at bar: "The original claim had been filed by the decedent during his lifetime and the 'cause for compensation' was total disability, not death. Upon this claim, compensation had already been paid. The present petition was in effect a claim for *continuation* of the payments of compensation that had already been awarded for total disability. The award made on this

petition was not based upon the death of decedent; death was not the 'cause for compensation.' "

It is true that we said in the *Toffalori* case, supra (p. 315), "In our opinion the words of Section 301(c), 'Wherever death is mentioned as a cause for compensation . . . . . .' are applicable in a case where no claim is made during the employee's lifetime for compensation for *disability*." Standing alone that excerpt would indicate that in our opinion the mere filing of a claim for disability during the employee's lifetime would be sufficient to toll the statute for a claim where the disability results in death. But when read with its context, it clearly appears that the claim for disability must be a valid one if it is to have that effect. Then, and *only* then, upon the death of the employee, the widow is entitled to the balance of the compensation awarded her decedent during his lifetime.

Here the claim for disability was invalid for the reason that it had not been filed in time. Under the facts the present petition was not "in effect a claim for *continuation* of the payments of compensation that had already been awarded for total disability." The "cause for compensation" is death, and since the widow's claim is over and beyond the pale of the liberal construction which we placed upon the Act in the *Toffalori* case, it was properly disallowed by the compensation authorities and the court below.

Judgment affirmed.