## Shrum, Claimant, v. Atlantic Crushed Coke Company

*Joseph M. Loughran,* for claimant,
*Smith, Best & Horn,* for defendant.

O'CONNELL, J., February 28, 1955.—This is an appeal from an order of the Workmen's Compensation Board disallowing compensation to claimant widow. The chronology of the case is quite lengthy. The record shows that on November 8, 1950, Frank Shrum, claimant's deceased husband, filed a claim petition with the workmen's compensation authorities on the ground

that he was suffering from silicosis. A hearing was held June 1, 1951, and on June 4, 1951, an order was filed by the referee allowing compensation. From this award, an appeal was taken to the Workmen's Compensation Board, which, on November 16, 1951, referred the claim to the medical board. The records being returned from the medical board on December 27, 1951, without any decision as to cause of disability, the board, on April 8, 1952, remanded the record to the referee for the appointment of an impartial medical expert.

A hearing was held on May 28, 1952, and an order of disallowance was filed on December 15, 1952, from which an appeal was taken by claimant, plaintiff's deceased husband, on December 19, 1952.

This appeal was heard by the board, and on July 29, 1953, the order of disallowance was affirmed. No further action was taken by Frank Shrum, claimant's deceased husband. On September 9, 1953, original claimant, Frank Shrum, died, and on October 27, 1953, his widow, Marion E. Shrum, claimant herein, filed a claim petition alleging silicosis contracted while in the employ of defendant as the cause of death.

A hearing before the referee was again held on December 15, 1953, at this time, however, on the petition of the widow, present claimant, and on January 7, 1954, an order disallowing an award was filed by the referee. On January 21, 1954, an appeal was taken by claimant widow to the Workmen's Compensation Board and a hearing was held before that board on February 10, 1954, at which time the order of disallowance by the referee was affirmed. On May 13, 1954, claimant widow appealed to this court, which appeal we now have under consideration.

It is contended by widow claimant in this case that her husband's claim for disability was disallowed by the referee and by the board on a mistake of fact.

She contends that as a result of an autopsy performed, she can definitely establish that her husband died as a result of silicosis, a compensable disease. It is contended by defendant in this case that, the husband not having pursued his claim, the widow is barred from action because of the statute of limitations. With this contention we cannot agree.

"The limiting section of the act (Section 315) provides for the institution of the proceeding by the one injured within a year, and, by a separate clause, for a presentation of claims by dependents within a like period after death. Appellant contends that since Smith presented no petition for an award during his lifetime, which continued for more than one year after the accident, any cause of action on his part would have been barred had he survived and made claim, so also the right of the dependents to recover is precluded by the lapse of time, the widow not having proceeded until March 8, 1924, whereas the injury was inflicted on December 9, 1921, resulting in death on October 30, 1923. There are not, however, any words used in the act which justify the construction contended for": Smith v. Primrose Tapestry Co., 285 Pa. 145, 150.

"They merely indicate the separate and independent character of the right of action of a widow for compensation so that nothing that her employee husband does with respect to his own right can affect her right . . . and the statutory limitation upon the assertion of her claim cannot be affected by neglect or refusal of the husband to pursue his claim": Polk v. Western Bedding Co. et al., 145 Pa. Superior Ct. 142, 148.

We are of the opinion that decedent's claim petition having been disallowed on a mistake of fact should not bind the widow in her claim, which is a separate and distinct claim from that of the husband's and that an adjudication made upon a mistake ought not to be perpetuated.

"The rights arise under different provisions of the statute. They involve two separate and distinct parties and actions. Each action has its own subject matter and is to be treated as a separate action between different parties. The adjudication in the proceeding for disability was, when unappealed from within the time prescribed by statute, conclusive upon the employer in that action, but that is the extent to which estoppel is effective. When a new matter was the subject to be determined and new parties were involved certainly an error of law should not be perpetuated. It clearly appearing that the original determination of liability for compensation was founded on a mistake of law, the judgment must be affirmed": Jankaitis v. Harleigh Brookwood Coal Co., 134 Pa. Superior Ct. 125, 131. See also Lambing v. Consolidation Coal Company, 161 Pa. Superior Ct. 346.

Our attention has also been called to an identical case, Paul, etc., v. Johnstown Coal & Coke Company, et al., 74 D. & C. 577, in a well-reasoned opinion written by McCann, P. J., in which it was held that:

"While the rights of an employe to disability payments and those of a widow to death benefits under the provisions of the Occupational Disease Act of June 21, 1939, P. L. 566, arise out of the same accident, they are separate and distinct causes of action, and an adverse decision against the employe is not therefore res adjudicata upon the widow's claim."

### Decree

And now, to wit, February 28, 1955, after due and careful consideration, the opinion and the decree of the Workmen's Compensation Board filed February 10, 1954, disallowing the claim petition of Marion E. Shrum, widow of Frank Shrum, be, and the same hereby is, reversed. The claim petition is returned to the Workmen's Compensation Board and said board

is hereby directed to conduct a hearing to establish the facts of the case.

### DISSENTING OPINION

LAIRD, P. J., February 28, 1955.—I regret that I must dissent from the majority opinion in this matter but I am totally unable to agree with their interpretation of the law. I have no doubt that claimant is deserving and that she needs the award but I am unable to agree on the advisability of returning the case to the board.

Conceding for the sake of the argument that petitioner's decedent had silicosis and that it was the cause of his death, returning the case to the board will not avail claimant anything and will only add to her expense and prolong her bereavement.

It is not conceded by defendant that Frank Shrum had silicosis or that it was the cause of his death. In fact it is denied that he was so afflicted and is so maintanied by defendant's medical witness, but even granting that silicosis was the cause of Mr. Shrum's death, how will that avail petitioner?

This is not a claim for continuation of payments nor for funeral expenses. The record shows that the last date on which the deceased performed any service for defendant and the last date on which he was employed by defendant was September 2, 1948, and that the date of his death was September 9, 1953. The claim, we are now considering, was filed October 27, 1953, more than three years after the death of her husband, Frank Shrum.

It seems to me that it is a great waste of time, trouble and expense to refer this matter again to the compensation board even though they did make a mistake in the first instance, since section 301 (c) of the Act of June 21, 1939, P. L. 566, 77 PS §1401 (c) provides, inter alia:

"Wherever compensable disability or death is mentioned as a cause for compensation under this Act, it shall mean only compensable disability or death resulting from occupational disease and occuring within three (3) years after the date of his last employment in such occupation or industry."

We think this question was finally settled by the late Judge Dithrich in the case of Wonderlick v. Philadelphia & Reading Coal & Iron Company, 170 Pa. Superior Ct. 65, when he said, quoting from page 67:

"The single question of law raised by this appeal is whether Sec. 301 (c), as amended, bars the claim of decedent's widow under the facts as stated. The pertinent portions of Sec. 301 (c), italicized supra, permit no other conclusion than that her claim is barred. Where the claim for compensation is founded on death, the meaning of the statute is clear and unambiguous. Such claim is valid only where the death alleged as a cause for compensation has occurred within the three-year period following the date of decedent's last employment."

We do not consider the language quoted above as mere dicta, especially so as Judge Hirt, in delivering the opinion in Valent v. Berwind-White Coal Mining Company, 172 Pa. Superior Ct. 305, said, quoting from page 314:

"But a significant fact overlooked by all parties is that the decision to hold the original claim in abeyance was not made until May 19, 1949, more than three years after March 30, 1946, the date of decedent-claimant's last employment. Accordingly, the limitation provisions of §301 (c) would necessarily bar any subsequent claim for death benefits."

See also Kugris v. Hammond Coal Company, 174 Pa. Superior Ct. 376; Reichert v. Pennsylvania Railroad Co. et al., 156 Pa. Superior Ct. 213, and Jones

v. Philadelphia & Reading Coal & Iron Company et al., 154 Pa. Superior Ct. 465; Mucha v. M. L. Bayard & Co., Inc., 177 Pa. Superior Ct. 138.

As it appears, after mature deliberation, that nothing is to be gained by returning the matter to the board, I would sustain the findings of fact, opinion, conclusion of law and decision of the workmen's compensation authorities.