Shrum *v.* Atlantic Crushed Coke Co. et al.,
Appellants.

Argued April 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,* for appellants.

*Joseph M. Loughran,* for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

This appeal is taken by Atlantic Crushed Coke Company and Old Republic Insurance Company from a Workmen's Compensation case in which the action of the Workmen's Compensation Board in awarding compensation to the claimant widow was affirmed.

The decedent, Frank Shrum, was employed as a motorman in the mines of the Atlantic Crushed Coke Company from 1908 to September 2, 1948 after which he never again was engaged in any gainful employment. On November 8, 1950, Frank Shrum filed a claim for disability compensation under the provisions of the Occupational Disease Act, 77 P.S. section 1401 et seq., claiming total disability as a result of silicosis contracted during the course of his employment. On June 4, 1951, the Referee filed an award in favor of the claimant. The Board, on appeal, by order dated April 4, 1952, appointed an impartial medical expert to examine the claimant, review the record and testify at a subsequent hearing to be held. At a rehearing held

by the Referee on May 28, 1952, the impartial medical expert testified that the claimant was totally disabled, but not as a result of silicosis contracted during the course of his employment. The Referee thereupon entered an order on December 15, 1952, disallowing compensation. An appeal from this order was filed before the Workmen's Compensation Board, and the Board affirmed in an opinion dated July 29, 1953. No appeal was taken by the claimant from this final order.

Frank Shrum died on September 9, 1953 and on October 27, 1953, his widow, Marion E. Shrum, filed a claim petition alleging that her husband's death resulted from silicosis contracted during the course of his employment with the appellant company. Answer to this petition was filed denying the factual allegations of the petition and averring that her claim was barred under section 301 (c) of the Act of 1951, P. L. 1811, as amended, 77 P.S. 1401, because the husband's death did not occur within three years after his last exposure to a silica hazard, September 2, 1948.

A hearing was held on the widow's claim by the Referee on December 15, 1953, at which time it was stipulated by counsel for both parties that if the claimant's medical witness, who attended the autopsy performed upon decedent, was called, he would reiterate his previous testimony to the effect that decedent was totally disabled from silicosis to the date of his death, and that his death was caused solely by that disease. It was further stipulated that the autopsy had been performed by Dr. John F. Beauregard, pathologist, and that his report, admitted in evidence, indicated that death was caused by silicosis. On January 7, 1954, the Referee disallowed the claim for the reason that it appeared from the record that the decedent's last exposure to a silicotic hazard occurred on September 2, 1948 and that death did not occur within three years

thereafter, as required by the Occupational Disease Act.

The widow filed an appeal from this decision to the Workmen's Compensation Board which dismissed her appeal in an opinion and order filed May 5, 1954. An appeal was filed in the Court of Common Pleas of Westmoreland County, and in an opinion and decree filed February 28, 1955, the Board was reversed with directions that a hearing be held to establish the fact as to whether or not decedent's death resulted from silicosis.

On February 9, 1956, at the hearing before the Referee, appellant called as its medical witness the same physician who had previously testified as the impartial medical expert. This witness testified in contradiction to the medical witness called by claimant and to the effect that death did not result from silicosis. On August 22, 1956, the Referee filed an award in favor of the widow. Upon appeal, the Board affirmed the award in an opinion dated January 16, 1957, finding as a fact that the original disallowance of compensation for total disability was erroneous and that, as demonstrated by the findings of the autopsy, the claim petition filed by Frank Shrum in his lifetime was meritorious, and that the erroneous dismissal thereof did not prejudice the rights of the widow claimant to compensation because her claim was separate and distinct from that of the decedent. From this adjudication, appellants filed an appeal to the Court of Common Pleas of Westmoreland County and, in an opinion and decree dated November 15, 1957, affirmed the Board's award of compensation. From that judgment, this appeal followed.

Both parties to this appeal concede that if the claim petition of the widow can be construed as valid, or, in effect, a claim for continuance of the claim filed by decedent in his lifetime, the action of the court below as well as the determination of the Board should be

affirmed. The narrow issue involved, therefore, is a determination whether the widow's petition, filed more than five years after termination of deceased's employment, can be considered as a valid claim.

We turn to the claim petition filed by decedent in his lifetime and the effect of the adjudication on that petition. There is no question that his petition was filed within time. In that petition, the testimony of two physicians was introduced on behalf of the claimant to the effect that he was totally disabled as a result of silicosis contracted during the course of his employment. On behalf of the defendant, the testimony of two other physicians was introduced to prove that, while he was totally disabled, it was not the result of silicosis contracted during the course of his employment. Being faced with this impasse, the Board appointed an impartial medical expert for his views, based upon a physical examination, a review of the record and all the circumstances. This impartial physician testified that while decedent was totally disabled, it was not as a result of silicosis contracted during the course of his employment. The Referee thereupon disallowed the claim. This determination, affirmed by the Board, became final when no appeal was taken therefrom. As a matter of fact, had an appeal been taken, the decision would have been affirmed in view of the evidence produced. There would have been no basis upon which the action of the Board could have been disturbed. See *Curran v. Walter E. Knipe and Sons, Inc.,* 185 Pa. Superior Ct. 540, 138 A. 2d 251. This adjudication disposed of the claim petition for compensation on the merits and did not turn on any technical, procedural question. The claim, therefore, was found to be invalid in terms of legal sufficiency. See *Commonwealth v. Lowe Coal Company,* 296 Pa. 359, 145 A. 916.

Notwithstanding this adjudication, the widow claimant in this appeal urges that we construe her claim as a continuing claim by reason of the erroneous finding of fact in the former adjudication. It is contended that such prior claim should have been allowed and, therefore, the instant petition is merely a continuation of the former. In effect, we are requested to breathe life into a claim petition which was barred, irrespective of the limitation imposed by section 301 (c) of the Workmen's Compensation Act, 77 P.S. 1401 (c), which provides that ". . . wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry." The difficulty with this position is that there is nothing to which a continuity attaches.

In *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 43 A. 2d 584, we held that section 301 (c) of the Act did not bar the widow's claim for compensation even though her husband's death occurred more than three years after the date of his last employment. But in that case the decedent had received an award of compensation for total disability during his lifetime. There was an award to which the widow's claim could attach. But here, we are asked to supply an award which has been denied, right or wrong, in order to sustain the second petition. In *Wonderlick v. Philadelphia & Reading Coal & Iron Company*, 170 Pa. Superior Ct. 65, 84 A. 2d 233, we held that where the claim for compensation is founded on death, the meaning of the statute is clear and unambiguous and that such claim is valid only where the death alleged as a cause for compensation has occurred within the three-year period following the date of last employ-

ment. In that case, the deceased filed a claim for disability compensation within his lifetime but the petition was dismissed because he failed to give notice to his employer.

If the widow's contention could prevail, its effect would nullify the action previously taken by the Board. We are asked to reverse that adjudication or, in the alternative, hold in abeyance such determination to that made by the Referee dated August 22, 1956. In *Valent v. Berwind-White Coal Mining Company,* 172 Pa. Superior Ct. 305, 94 A. 2d 197, Judge HIRT, speaking for this Court, said at page 314: "But a significant fact overlooked by all parties is that the decision to hold the original claim in abeyance was not made until May 19, 1949, more than three years after March 30, 1946, the date of decedent-claimant's last employment. Accordingly, the limitation provisions of Section 301 (c) would necessarily bar any subsequent claim for death benefits." Here, the determination made by the Board in the claim petition filed by the decedent was dated July 29, 1953. Even if such determination could be supplanted as of that date, the widow's claim would be barred by the limitations of the statute. The only way the present petition could be sustained would be to ignore the previous adjudication and still maintain that the widow's claim is a continuation of the first claim. This we cannot do simply because legally there is nothing to which this claim could attach as a continuation.

We are not unmindful of the view that the Occupational Disease Act, supra, must be liberally construed. *Valent v. Berwind-White Coal Mining Company,* supra; *Wonderlick v. Philadelphia & Reading Coal & Iron Company; Harvey v. Philadelphia W. & C. S. Co.,* 167 Pa. Superior Ct. 435, 74 A. 2d 815. But in view of the plain limitation placed upon these cases

by the legislature, we cannot give an interpretation to section 301 (c), supra, not intended. If this claim were to be sustained, what would prevent, for example, the filing of a similar petition under like circumstances 7, 10 or even 15 years after a claim for disability compensation has been refused whether by appellate review or otherwise? The law recognizes that contingent liability of whatever nature must end sometime. *Gawlick v. Glen Alden Coal Company*, 178 Pa. Superior Ct. 149, 113 A. 2d 346. If in the light of experience such limitation is found to be unreasonable, it is for the legislature to prescribe a suitable remedy.

The judgment of the court below is reversed.