Moore, Appellant, *v.* Dodge Steel Company.

Argued June 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*James Francis Gannon,* with him *King and Gannon,* for appellant.

*Earl Thomas Britt,* with him *Paul H. Ferguson* and *Frederick W. Anton, III,* for appellee.

*Joseph J. Cohen,* Special Assistant Attorney General, *Clyde M. Hughes, Jr.,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY WRIGHT, J., September 16, 1965:

This appeal involves the construction of Section 315 of The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 P.S. 1415. It will be necessary to set forth the factual and procedural history in some detail.

Matthew Moore was employed as a sandblaster by the Dodge Steel Company, Philadelphia, Pennsylvania. On February 24, 1960, Moore filed claim petition No. 158,946 alleging that he became totally disabled on June 5, 1959, as the result of silicosis. Answers were filed by the employer and by the Commonwealth. On January 25, 1961, before any hearing had taken place,

Moore died. On September 10, 1962, more than six-
teen months after the date of her husband's death, fatal
claim petition No. 171,401 was filed by the widow,
Lessie Moore. After taking testimony at hearings on
June 26, 1963, and January 30, 1964, the Referee made
two awards under date of March 19, 1964. On peti-
tion No. 158,946 the employer and the Commonwealth
were ordered, on a 60-40 percentage basis, to pay com-
pensation to Matthew Moore for total disability from
June 19, 1959, to January 25, 1961. On petition No.
171,401 the employer and the Commonwealth were
ordered, on the same percentage basis, to pay compen-
sation to Lessie Moore for total dependency beginning
January 25, 1961, for a period of 350 weeks. Both the
employer and the Commonwealth appealed to the
Board from the award on petition No. 171,401. No ap-
peals were taken from the award on petition No. 158,-
946. The Board affirmed the Referee's decision. The
employer appealed to the Court of Common Pleas of
Philadelphia County at No. 2531 in C. C. P. No. 6, and
the Commonwealth appealed at No. 2332 in C. C. P. No.
2. By stipulation of counsel, approved by President
Judge GOLD and by Judge DOTY, the two appeals were
consolidated and heard in C. C. P. No. 2. On January
25, 1965, Judge GLEESON reversed the Board's decision,
and judgment was thereafter entered for the defend-
ants. Lessie Moore has appealed to this court.

The award to the widow on petition No. 171,401 was
based by the Referee on the following finding, affirmed
by the Board: "9. The claim petition filed by the
decedent during his lifetime was a valid claim, and the
fatal claim petition filed by the claimant is considered
as a continuation of the claim of her deceased hus-
band".[1] The position of the employer and the Com-

---

[1] Claimant states in her brief that she moved to amend her
husband's disability claim petition to include her claim as widow.
The record discloses the following colloquy: "Mr. King [for the

monwealth is that the fatal claim petition is barred by the provisions of Section 315 of The Pennsylvania Occupational Disease Act which presently reads in pertinent part as follows: "In cases of death all claims for compensation shall be forever barred, unless, within sixteen months after the death, the parties shall have agreed upon the compensation payable under this article, or unless, within sixteen months after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of sixteen months from the time of the making of the most recent payment made prior to the date of filing such petition".

The question before us is stated in appellant's brief as follows: "Where an original claim petition for disability under The Pennsylvania Occupational Disease Act is pending at the time of claimant's death, is the surviving dependent widow compelled to institute an independent claim action, or may she amend the original claim petition to include her claim for the balance of compensation due".

Appellant relies primarily on *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 43 A. 2d 584, wherein we were concerned with the construction of Section 301(c) of The Pennsylvania Occupational Disease Act, 77 P.S. 1401(c), which then read in pertinent

---

claimant]: I want to offer the death petition that was filed in this case by the widow, because there was no finding made before the death of the claimant, so that this is one continuous award. Mr. Cohen [for the Commonwealth]: It is my understanding that we have before us for consideration today a petition filed by Matthew Moore on February 24, 1960 and also a Fatal Claim Petition filed by Lessie Moore, surviving widow of Matthew Moore, deceased, on September 10, 1962. Is that correct, Mr. ReDavid? [the Referee] The Referee: We are going to consider them both".

part as follows: "Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years[2] after the date of his last employment in such occupation or industry". In the *Toffalori* case the husband had filed a claim petition during his lifetime, and had been awarded compensation for total disability. The date of his death was more than three years after the date of his last employment. However, the widow's petition was filed less than two weeks after her husband's death, and well within the limitation period in Section 315. This court held that the widow's claim was not barred by Section 301(c) of the statute. Appellant also cites *Wonderlick v. The Philadelphia & Reading Coal and Iron Co.,* 170 Pa. Superior Ct. 65, 84 A. 2d 233; *Gawlick v. Glen Alden Coal Co.,* 178 Pa. Superior Ct. 149, 113 A. 2d 346; and *Shrum v. Atlantic Crushed Coke Co.,* 186 Pa. Superior Ct. 377, 142 A. 2d 792, in all three of which cases it was held that the widow's claim was barred under the provisions of Section 301(c).

The distinction between the *Toffalori* case and the instant case is that Section 301(c) deals with the right to compensation, while Section 315 limits the time within which the right to compensation must be asserted. The statutory period provided in Section 315 may not be extended as a matter of indulgence or because of hardship: *Jones v. Philadelphia & Reading Coal & Iron Co.,* 154 Pa. Superior Ct. 465, 36 A. 2d 252. The general statements cited by appellant from our opinions in *Confer v. Imbt,* 191 Pa. Superior Ct. 74, 155 A. 2d 382; *Guzik v. Laurel Ridge Construction Co.,* 196 Pa. Superior Ct. 586, 176 A. 2d 183; and *Fehr v. Y. M. C. A.,* 201 Pa. Superior Ct. 107, 192 A. 2d 143, have

---

[2] Now four years under the amendment of February 28, 1956.

no application in the present situation. It is our view that the court below properly rejected appellant's contention in the instant case.

The right of a widow to compensation under The Pennsylvania Occupational Disease Act is a separate cause of action, independent of and not derivative from the right of the deceased employe: *Holahan v. Bergen Coal Co.*, 164 Pa. Superior Ct. 177, 63 A. 2d 504. The rule is the same under The Pennsylvania Workmen's Compensation Act. An award for disability during the employe's lifetime is not conclusive in determining the widow's claim, and the principle of res judicata does not apply: *Jankaitis v. Harleigh Brookwood Coal Co.*, 134 Pa. Superior Ct. 125, 4 A. 2d 161. The widow's claim is not defeated by her husband's execution of a final receipt, *Rossi v. Hillman Coal and Coke Co.*, 145 Pa. Superior Ct. 108, 20 A. 2d 879, or by the husband's failure to file a claim petition during his lifetime: *Polk v. Western Bedding Co.*, 145 Pa. Superior Ct. 142, 20 A. 2d 845. The following language of our colleague, Judge FLOOD, in *Parks v. Winkler*, 199 Pa. Superior Ct. 224, 184 A. 2d 124, is here pertinent (italics supplied) : "It was not necessary for the widow to set aside the final receipt given by the decedent as a prerequisite to the establishment of her claim for his death. Hers is an independent, not a derivative, claim and is not conditioned upon a right in the employe at the time of his death. . . . Neither a failure of the decedent to petition for or receive compensation for the injury during the statutory period following the accident, nor a failure by him to move to set aside a final receipt, bars his widow's right, *if she files her claim within the statutory period after his death*".

The only case cited by appellant which deals directly with Section 315 of The Pennsylvania Occupational Disease Act is *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 386 Pa. 179, 125 A. 2d 365,

which is in no way dispositive of the question presented by the instant appeal. In the *Ciabattoni* case, our Supreme Court held that the limitation period within which a claim for disability may be filed does not commence to run until compensable disability begins to the knowledge of the claimant. In the case at bar the widow's claim, as has been previously demonstrated, was independent of and not derivative from the right of her husband. It was based on her husband's death, a definite event of which she concededly had immediate knowledge, and the sixteen-month limitation period commenced to run on the date of death.

We perceive no merit in appellant's argument that, since her husband had filed a timely petition during his lifetime, and since this claim was pending at the time of his death, it was proper for her to amend his claim under the provisions of Rules Nos. 9 and 24 of the Workmen's Compensation Board. Rule 9 permits the amendment of a petition where the claimant has erroneously relied on an improper section of the statute. Rule 24 permits the Referee to determine the dependents entitled to receive the compensation due if claimant dies prior to the adjudication of his claim. Neither rule is authority for substituting one petition where two are required. Neither rule can breathe life into a dead claim.

One further matter should perhaps be noted. While it is not argued by appellant before this court, the Board took the position that payment on May 16, 1964, of compensation due under the award on the husband's petition, unappealed from as heretofore indicated, acted to toll the statute on the widow's fatal claim petition. This position was clearly erroneous. In *Segal v. Segal,* 201 Pa. Superior Ct. 367, 191 A. 2d 858, a similar contention was rejected. It was therein held, not only that the widow's claim was independent and not derivative, but also that the words "payments of compensa-

tion" as used in the last sentence of Section 315 relate to payments on the claim being considered. The payment of May 16, 1964, was made on the husband's claim, not on the widow's claim.

Judgment affirmed.

DISSENTING OPINION BY WATKINS, J.:

The question involved in this appeal is the interpretation of §315 of The Pennsylvania Occupational Disease Act, 77 PS §1415, which provides that in case of disability all claims are barred unless filed within sixteen months after the beginning of compensable disability; and in death cases shall be barred unless a death claim is filed within sixteen months of the date of death.

At the outset it should be pointed out that the courts have distinguished between time limitations under the Workmen's Compensation and the Occupational Disease Acts. The prescribed time under which a claim for total disability due to occupational disease must be filed is a limitation upon the remedy and not upon the substantive right. Section 315 cannot be construed as a legislatively intended statute of repose. *Ciabattoni v. Birdsboro St. F. & M. Co.,* 386 Pa. 179, 125 A. 2d 365 (1956). There was only one right involved here, and that was the right of the decedent if totally disabled as a result of anthracosilicosis during his lifetime, to be awarded compensation. This right included payment of any balance due a dependent widow, if his disability resulted in death. There can be no question as to the right of the widow to claim the balance of the compensation due. The only question raised is whether the remedy is extinguished by the provisions of Section 315.

The purpose of limitation periods in the Occupational Disease Act is to bring an end to employers' contingent liability. "The law recognizes that con-

tingent liability of whatever nature must sometime end." *Gawlick v. Glen Alden Coal Co.*, 178 Pa. Superior Ct. 149, 113 A. 2d 346 (1955). In the instant case, however, the defendant's liability was pending before the compensation authorities by virtue of the original occupational disease claim made during his lifetime. The liability, if compensable disability was proven, included the payment of the balance to the dependent widow if this disability was the cause of his death. The court below conceded there was "no harm to the defendants in permitting the death claim to stand except for the legislative mandate of Sec. 315. All parties were aware of both the employe's claim and the widow's claim . . .".

It has always been held by this Court that we adopt a liberal construction as a guide in workmen's compensation and occupational disease cases to effectuate the remedial purposes of the Acts. *Roschak v. Vulcan Iron Works,* 157 Pa. Superior Ct. 227, 42 A. 2d 280 (1945). The referee and the board considered the widow's claim to be a continuation of the disability claim of the employee and that it was not barred by Sec. 315. The board relied on *Toffalori v. Donatelli Granite Co.,* 157 Pa. Superior Ct. 311, 43 A. 2d 584 (1945), and properly so and I am not impressed by the effort of the court below and the majority to distinguish it.

In the *Toffalori* case, supra, the decedent died three years and seven months after the date of last exposure, after having received compensation for total disability during his lifetime. The widow filed for the balance and the three-year limitation was pleaded. This Court said, "since the petition was not an original claim, and since death was not the cause for compensation the claim was not barred." In the *Toffalori* case there was a factual situation where there was a matter pending before the board and there was an existing award to

which the widow's claim could attach as a continuation.

In the instant case the original disability claim petition, when filed, immediately tolled the sixteen months limitation period. No hearing was held before his death and the disposal of the original disability claim as well as the claimant-widow's claim was made on March 19, 1964 which was more than four years after the filing of the original claim and over three years from the date of death. The referee found and the board affirmed that on June 16, 1959 the decedent was rendered totally disabled by silicosis; that the claimant-widow was totally dependent on the decedent; and that he died as a result of silicosis.

It makes common sense and good logic that the widow, knowing that a claim had been filed by her husband, that she should await the determination of total disability before seeking the balance when no amount had yet been determined to be due. If the hearing had been held and decided against the claimant, then the widow's action would not be a claim for the balance due because of total disability but an original death claim and in such case, if her action was brought more than sixteen months from the date of death it would be barred. *Shrum v. Atlantic Crushed Coke Co.*, 186 Pa. Superior Ct. 377, 142 A. 2d 792 (1958). In that case this Court said: "The difficulty with this position is that there is nothing to which a continuity attaches." I agree, but this Court further said in discussing the *Toffalori* case in the *Shrum* case, supra, at page 382: "But in that case the decedent had received an award of compensation for total disability during his lifetime. There was an award to which the widow's claim could attach." In *Wonderlick v. The Phila. & Read. C. & I. Co.*, 170 Pa. Superior Ct. 65, 84 A. 2d 233 (1951), we held that: "Where the claim for compensation is founded on death, the meaning of the

statute is clear and unambiguous. Such claim is valid only where the death alleged as a cause for compensation has occurred within the three-year period . . .". *Meyers v. Moxham Coal Co.*, 293 Pa. 7, 141 A. 643 (1928), was based on the interpretation of a time limitation in the Workmen's Compensation Act. In this case no claim petition was filed during the lifetime of the decedent. The claim petition was an original claim and the "cause for compensation was death". As such the claim was properly barred by the statute. But in the *Toffalori* case, supra, and in the instant case the claim petitions were not original claims. The original claims had been filed by the decedents during their lifetime and the cause for compensation was total disability and not death.

I believe there is a clear distinction in the statute in regard to disability and death. That if a claim for disability caused by occupational disease is filed it tolls the statute. If death occurs before decision in the disability claim the widow's rights continue as a part of that case. If the decision favors the claimant and disability payments were made, the amount paid to the decedent for disability would be deducted from any amount due to the claimant-widow. The defendant is in no way harmed because the burden is still on the claimant to prove not only that occupational disease caused the disability of her husband but also caused his death.

I would reverse, reinstate the decision of the Workmen's Compensation Board, and direct judgment to be entered on the award.