## Wilson v. United News Transportation Company et al., Appellants.

318

Argued March 21, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Lowell A. Reed, Jr.,* with him *Rawle & Henderson,* for appellants.

*Charles F. Quinn,* with him *Sheer & Mazzocone,* for appellee.

OPINION BY WATKINS, J., June 12, 1969:

In this workmen's compensation case the defendant-employer, United News Transportation Company, and its insurance carrier, Bituminous Casualty Corporation, appealed from an order of the Court of Common Pleas No. 5 of Philadelphia County that had remanded the record to the Workmen's Compensation Board on the ground of capricious disregard of competent evidence in denying benefits to the claimant-appellee, Arlene M. Wilson.

The claimant's decedent, her late husband, Andrew Wilson, was employed by the appellant company as a truck driver when on February 28, 1959 he was involved in an automobile accident, while making a delivery, that resulted in a fractured hip. He was paid compensation under an open agreement until the date of his death on April 15, 1959. The appellee signed a final receipt dated October 13, 1960 which reads: "Injured died from sources other than accident".

The appellee filed a Fatal Claim Petition on June 2, 1961 more than two (2) years after the death of her husband in behalf of herself and five (5) minor children. She alleged that the death was due to an embolism caused by the accident which had fractured his hip. The appellants denied any causal relationship between death and the accident and raised the bar of the sixteen (16) month Statute of Limitations of Sec-

tion 315 of the Pennsylvania Workmen's Compensation Act, 77 P.S. §602.

The referee found for the claimant; the Board reversed and held that there was no causal connection and that the widow's petition was barred by the statute. On appeal, the court below remanded to the Board on the theory that the Board had capriciously disregarded competent evidence that the statute had been tolled by certain monetary payments to the appellant; and as to causation.

We are unable to comprehend how the court below could come to the conclusion that the Board capriciously disregarded competent evidence in failing to find that the running of the statute had been extended. The pertinent findings of the Board are as follows:

"Second: The Board finds as fact that there was no conduct on the part of the defendant or its representatives to induce the claimant not to file a claim petition.

"Third: The Board finds as a fact that claimant did not file her claim within sixteen months after her alleged husband's death, nor did she receive compensation so as to toll Section 315 of the Workmen's Compensation Act."

Section 315 of the Act (supra) provides as follows:

". . . In cases of death all claims for compensation shall be forever barred, unless, within sixteen months after the death, the parties shall have agreed upon the compensation under this article, or unless, within sixteen months after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of sixteen months from the time of the making of the most recent payment prior to date of filing such petition. . . ."

In the case of *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 61, 62, 155 A. 2d 414 (1959), this Court said:

"The legislature made the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and intended that the failure so to do should operate as an absolute bar of the right. (citing cases)

"The Courts may not extend the period ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances (citing cases)."

There is no question that the claimant had the burden of proving that she came within the exception to the running of the statute. *Mackanitz v. Pittsburgh & West Virginia Railway Co.*, 157 Pa. Superior Ct. 359, 43 A. 2d 586 (1945). The findings of the Board were supported by competent evidence. After the accident of February 28, 1959, and before his death, an open agreement was entered into by the parties and compensation payments made of $1326.48 to the time of his death. No payments were ever made to the widow as death benefits because her claim was promptly denied. After her husband's death, she brought survival and wrongful death actions against the third party driver of the vehicle involved in the accident. A settlement of $1000.00 was made of these claims payable to the appellee as administratrix of the estate of her late husband. Under the applicable law, the Workmen's Compensation carrier was subrogated out of the survival action settlement. Section 319 of the Workmen's Compensation Act, 77 P.S. Para. 671. The appellant at the request of counsel for the appellee agreed to waive payment of the subrogation interest in the $1000.00 settlement.

It is the contention of the appellee that the carrier's waiver of payment of the subrogation interest

constituted compensation payment which amounted to an attempt to settle the death claim. This would, of course, be a violation of Section 417 of the Workmen's Compensation Act, 77 P.S. 802.

The right of a widow to compensation is separate cause of action independent of and not derivative from the right of the deceased employee. *Moore v. Dodge Steel Company*, 206 Pa. Superior Ct. 242, 247, 213 A. 2d 130 (1965). *Segal v. Segal*, 201 Pa. Superior Ct. 367, 191 A. 2d 858 (1963). *Sweeney v. Reading Co.*, 146 Pa. Superior Ct. 539, 23 A. 2d 66 (1941). Any payment of compensation due a decedent claimant during his lifetime does not toll the statute on a Fatal Claim Petition filed by the widow. This is true even though the decedent husband had timely filed during his lifetime and the decision was pending at the time of his death. *Moore v. Dodge Steel Company*, (supra).

It was the burden of proof of the claimant that the compensation was paid to her in relief of her independent claim for fatal benefits. The Supreme Court in *Chase v. Emery Manufacturing Co.*, 271 Pa. 265, 113 A. 840 (1921), said at page 268: "This section was placed in the act to prevent imposition on unwary employees; that is, to prevent money being paid for a period of time after an injury under some verbal arrangement, causing the employee to neglect presenting the agreement in some form as provided by law. The year limitation, under the act, would begin to run from the last payment. On the other hand, employers should not be subjected to imposition through faked or unlawful claims, or claims for illness that have no causal connection with the injury received in the course of employment; therefore, the act says 'payment of compensation,' which means an amount received and paid as compensation for injury or death of an employee occurring in the course of employment."

It is difficult to understand what competent evidence was capriciously disregarded by the Board when it held that the waiver of subrogation which benefited the estate of the decedent at a time when the statutory period had already barred the widow's action did not constitute a payment of compensation to the claimant in her own right.

The evidence having also shown that the fatal claim had been flatly rejected by the insurance carrier with full knowledge of counsel who represented the claimant all the way through the period to the settlement. The court below attempted to seize on the testimony of the company's adjuster that he had made "contributions" to the estate by the waiver. But he testified that he was not exchanging the waiver for the final receipt. The final receipt was unnecessary and not important to this decision. Even if, for the sake of this argument, the "payment of compensation" is debatable it was for the Board to weigh the evidence and determine the question of fact. *Somerton v. The Bell Telephone Company of Pennsylvania*, 111 Pa. Superior Ct. 264, 268, 169 A. 579 (1933). See also *Fulton v. Philadelphia Rustproof Co.*, 200 Pa. Superior Ct. 467, 190 A. 2d 459 (1963).

In the *Moore* case, the payments were compensation payments, but payments ordinarily due the decedent during his lifetime. This Court held that such compensation payments did not extend the period within the exception. In effect, it was his money which she received and not money in relief of the fatal claim later presented.

The *Moore* case is dispositive of this case. If the waiver could be held to be a compensation payment, then it was a payment into the funds of the estate of the decedent solely and exclusively in connection with disability benefits due the decedent in his lifetime and

having to do with the settlement of a claim against the third party rising out of the decedent's injuries, medical expenses and pain and suffering in his lifetime. The collateral actions brought by the appellee had nothing to do with her fatal compensation claim.

In the *Sweeney* case (supra) this Court affirmed the Workmen's Compensation Board which recognized the independent nature of the widow's claim in a later claim for an alleged dependent child. The widow had received fatal benefits on her own behalf and other dependent children within the statutory period. The claimant dependent child filed beyond the statutory period. The court held that the payment of the widow's benefits was not "payment of compensation" to the alleged dependent child so as to extend the statute on behalf of the child.

We hold, therefore, that the court below was in error in deciding that the Board capriciously disregarded the adjuster's testimony or any evidence in holding that the waiver did not amount to payment of compensation to the widow in her death claim so as to bring her within the exception of Section 315 and so extend the statutory period.

Having held that the widow's claim is barred by the statute, it is not necessary to discuss the causation and marriage status issues raised in this appeal.

The remand order of the Court of Common Pleas No. 5 is vacated; the decision of the Workmen's Compensation Board is affirmed and judgment directed to be entered in favor of the appellants.