Gawlick, Appellant, *v.* Glen Alden Coal Company.

Argued March 7, 1955.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Thomas B. Noonan,* with him *Thomas L. Kennedy,* for appellant.

*Franklin B. Gelder,* with him *J. H. Oliver, William J. Davis, Gilbert S. McClintock, Ralph H. Behney, C. A. Whitehouse* and *A. J. Zawoiski,* for appellees.

OPINION BY WOODSIDE, J., April 18, 1955:

This is an appeal from the Court of Common Pleas of Luzerne County setting aside an award of the Workmen's Compensation Board made in a death claim brought under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566 as amended.

The claimant's husband died of anthraco-silicosis April 2, 1952. He had been employed by the defendant company inside its anthracite mines from January 4, 1944 to March 24, 1948, working a total of 1190 days during which time he was exposed to an anthraco-silicosis hazard. From March 25, 1948 to January 4, 1952 he was employed by defendant company outside the mines in a breaker, during which time the evidence establishes and the referee and board found, he was not exposed to an anthraco-silicosis hazard.

His last day of employment was January 4, 1952.

No claim was filed during his lifetime.

The Board with one member dissenting held the claimant was entitled to compensation. The court be-

low reversed the Board on the grounds that death did not occur within three years after the date of deceased's last employment in a hazardous occupation as required by section 301(c) of The Pennsylvania Occupational Disease Act, supra, and that it was not "shown that the employe has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard," as required by section 301(d), 77 PS §1401.

Section 301(c), supra, provides as follows:

"Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employe was engaged, and not common to the general population. Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry."

Does that mean three years from the date when deceased was last employed by the defendant company or three years from the date when he was last employed in an occupation in which he was exposed to a silica hazard? The lower court concluded it meant the latter. We agree. "*Such* occupation or industry" must refer to an occupation or industry in which the employe is exposed to a silicosis hazard.

As stated by Judge APONICK in his opinion, "There is a finding that there was no silica hazard in the decedent's occupation in the breaker. The only occupation in which the hazard was present was while he worked in the mines. His anthraco-silicosis was therefore peculiar to that occupation only and the 'date of

his last employment in such occupation' was March 24, 1948. He died more than three years later."

Neither has the claimant met the burden imposed upon her by section 301(d), supra. The appellant argues that there is no evidence of any disability in this case except the death itself on April 2, 1952. At least there is no evidence of any disability prior to the day deceased last worked, January 4, 1952. Using either date to measure the eight year period the deceased did not work the four years in a hazardous occupation as required by section 301(d).

The appellee argues that the eight year period should be computed from the last exposure to the hazard. In an opinion filed this day we rejected this contention made in the case of *Wright v. Glen Alden Coal Co.*, 178 Pa. Superior Ct. 145, 113 A. 2d 344 (1955). Here, as there, we have no evidence that there was disability prior to total disability. In *Lowe v. American Radiator & Standard Sanitary Corp.*, 178 Pa. Superior Ct. 137, 113 A. 2d 330 (1955), also filed this day, there was evidence to support the contention that there was disability when deceased ceased working for the defendant.

The problem of compensation for occupational disease has certain inherent difficulties for both the legislature and the courts. Unlike accidents which occur at an easily determinable time and place, occupational diseases develop over a period of years.

As stated by Justice, now Chief Justice, STERN in *McIntyre v. Lavino & Co.*, 344 Pa. 163, 166, 25 A. 2d 163 (1942), "the exact time of their origin is necessarily obscure and their insidious progress is not revealed until, frequently after a long interval, the disability which they create manifests itself."

The law recognizes that contingent liability of whatever nature must sometime end. That is why the legis-

lature wrote into the law sections 315 and 301(c). Section 301(d) also bears upon the problem.

If we were to follow the holdings of the Workmen's Compensation Board in this and the two other cases filed this day, supra, an employer could be liable to employes who have not worked for him in a silica hazard for an unlimited number of years. In our opinion it was to prevent such a situation that the legislature wrote into The Occupational Disease Act different provisions which are in effect statutes of limitation. It is for the legislature to examine these in the light of experience to determine whether in any respect they work an unwarranted hardship upon either claimants or employers, and if so to correct the law accordingly.

Judgment affirmed.