Wright, Appellant, v. Glen Alden Coal Company.

Argued March 7, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent).

146

*Thomas B. Noonan,* with him *Thomas L. Kennedy, Jr.,* for appellant.

*Franklin B. Gelder,* with him *J. H. Oliver, William J. Davis, Gilbert S. McClintock, Ralph H. Behney, C. A. Whitehouse* and *A. J. Zawoiski,* for appellees.

OPINION BY WOODSIDE, J., April 18, 1955:

This is an appeal from the Court of Common Pleas of Luzerne County setting aside an award of the Workmen's Compensation Board made in a death claim brought under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566 as amended.

The claimant's husband last worked for defendant company on July 9, 1948, became totally disabled December 14, 1950, and died of anthraco-silicosis March 21, 1951. A claim filed by the employe during his lifetime was withdrawn subsequent to his death, and this claim filed by the widow on March 28, 1951.

The question is whether it was shown as required by section 301(d) of the above Act, 77 PS §1401(d), "that the employe has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard."

Counsel stipulated as follows: During the eight-year period prior to December 14, 1950, the date of total disability, the decedent worked for the defendant 935 days out of a possible 1036 days that the mine worked in a calendar period of 3 years, 6 months and 11 days.

During the eight-year period prior to March 21, 1951, the date of death, the decedent worked for the defendant 877 days out of a possible 972 days in a calendar period of 3 years, 3 months and 4 days.

During the eight-year period prior to July 9, 1948 the decedent worked inside the mines of defendant company 1443 days.

If the eight-year period is computed from the date of death or from the date of total disability, the claimant did not meet the burden of showing that the deceased had the aggregate employment of at least four years in an occupation having a silica hazard as required by section 301(d), supra.

If the eight-year period is computed from July 9, 1948, the date of the deceased's last exposure to a silica hazard, plaintiff did meet the burden imposed upon her by section 301(d), supra, and is entitled to an award.

The act refers to the eight years next preceding the date of *disability*. We are not concerned either with the date of death or the date of last exposure in determining the eight year period except when those dates happen to coincide with the date of disability.

The date of disability must be determined from the evidence of the particular case. Here the only evidence of disability is the evidence of total disability on December 14, 1950. That is the date from which the period must be calculated.

Appellant argues that deceased having certainly acquired the disease prior to his last exposure was of necessity at least partially disabled on that date and

we should therefore use July 9, 1948 as the date from which to calculate the eight year period. There is no evidence that the deceased was partially disabled on that date. The mere fact that the seeds of disease which caused his death had already been sown in his body on that date does not necessarily mean he was then disabled, even partially. Many people acquire fatal diseases of which they are unaware during the early stages and oftentimes they are in no way disabled until long after the time of exposure has passed.

In *Lowe v. American Radiator & Standard Sanitary Corp.*, 178 Pa. Superior Ct. 137, 113 A. 2d 330 (1955), filed this day, we are holding that the eight year period should be calculated from the date when the evidence showed the deceased had become partially disabled, and not from the date when he became totally disabled. In that case the evidence showed clearly that the deceased was suffering from silicosis, was unable to continue his employment having been advised by his physician to take a rest, notified his employer of his disability and left his employment in the hazardous occupation because of his physical condition. Although he worked at several outdoor jobs and was not totally disabled until more than two years later, we concluded that his "disability" as the term is used in section 301(d) took place at the earlier date.

In this case there is no evidence of disability prior to December 14, 1950 and calculating the eight year period from that date the deceased lacked the required four years employment in an occupation having a silica hazard.

Judgment affirmed.