## Singer v. Carbon Malleable Casting Company

*Paul A. Mueller*, for appellant.
*John Hill Byrne*, for claimant.

BURKHOLDER, J., September 30, 1955.—This case arises under The Pennsylvania Occupational Disease Act (hereinafter referred to as the act) on appeal from the order of the Workmen's Compensation Board (hereinafter referred to as the board) by the employer and the employer's insurance carrier but not by the Commonwealth of Pennsylvania.

The referee who heard this case filed an award on July 3, 1953, giving Jonas L. Singer, claimant, compensation "at the rate of $30.00 per week (66⅔% of $54.00 being in excess of the maximum under the Act) from March 13, 1953 . . . to be paid jointly, 60% thereof, or the sum of $18.00 per week . . . by Carbon Malleable Casting Co., defendant, and/or the Penna. Mfrs. Ass'n. Cas. Ins. Co., insurance carrier of the defendant; and 40%, or the sum of $12.00 per week . . . by the Commonwealth of Pennsylvania out of monies to the credit of the Occupational Disease Fund created in the State Workmen's Insurance Fund." Notice of this decision was mailed to the parties on July 23, 1953.

In imposing liability partly upon the employer and his insurance carrier and partly on the Commonwealth of Pennsylvania out of moneys to the credit of the Occupational Disease Fund, the referee was following the provisions of section 308 of the Act of June 21, 1939, P. L. 566, 77 PS §1408.

Compensation was paid in accordance with this order but in due course on August 6, 1953, the Commonwealth of Pennsylvania appealed from the referee's finding of fact and conclusions of law. Hearings were held on September 2, 1953, and March 9, 1955, before the board. On April 27, 1955, the board decided that claimant was not entitled to compensation because he became totally disabled from silicosis on March 6, 1953, more than three years after December 31, 1948, when he was last exposed to the silica hazard. It,

accordingly, sustained the appeal as to the Commonwealth of Pennsylvania but held that since neither the employer nor the employer's insurance carrier had filed an appeal from the award made by the referee against them, the part of the referee's award against them was not affected by this appeal and should remain in full force and effect, being res adjudicata.

On May 18, 1955, an appeal to this court was duly taken by the employer and the employer's insurance carrier. We have before us, therefore, two questions: (1) The effect of an appeal by the Commonwealth of Pennsylvania alone from the decision of the referee followed by an appeal by the employer and his insurance carrier only from the decision of the board, and (2) the right of claimant to compensation on the merits. We shall discuss the latter question first.

Claimant was employed by the employer as a moulder from October 8, 1940, or earlier and continued in that capacity until January 1, 1949. He then was transferred to the employer's annealing room as a laborer. This room is in another building where there is no foundry dust. His duties included the sorting of castings, sweeping and various other jobs. The castings which he sorted were clean and free of dust when he handled them in the annealing room. On December 31, 1951, he ceased working in the annealing room and was given a job by the employer as a night watchman. Under cross examination by counsel for the employer's insurance company, he said:

"Q. And you worked from 1949 to 1952 at that job [in the annealing room]?

"A. Yes.

"Q. And then you couldn't do that job and they gave you a job as watchman?

"A. Yes, sir, night watchman.

"Q. And you aren't able to do that any more?

"A. No, I am not able to do that."

He worked on February 25, 1953, and the next day was taken to St. Joseph's Hospital because he was suffering from a kidney condition which had no relation to silicosis or his employment. His physician, Dr. Leonard Rambach, testified that he had been treating him since 1951 when "he had symptoms of cough and shortness of breath on exertion and expectoration of a great deal of fluid". During the course of routine tests at the hospital it was disclosed that he was suffering from silicosis. In the light of this testimony it is fair to assume, therefore, that partial disability began on January 1, 1952, when claimant was unable to work any longer in the annealing room.

Under these facts claimant is barred from compensation by that portion of subparagraph (c) of paragraph 2 of section 301 of the act as amended, 77 PS §1401, 2, (c) which reads, in part, as follows:

"Whenever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry."

Claimant was last exposed to employment where there was a silica hazard on December 31, 1948. Although he became partially disabled exactly three years later on December 31, 1951, he did not become totally disabled until March 6, 1953. Indeed he continued to work until February 25, 1953, indicating that he was not then totally disabled. This is more than three years from the last exposure. Under subsection (e) of the same section of the act compensable disability does not include "partial disability due to silicosis" but does apply to "total disability or death caused by silicosis . . . or by silicosis . . . when accompanied by active pulmonary tuberculosis".

In Gawlick v. Glen Alden Coal Co., 178 Pa. Superior Ct. 149 (1955), 113 A. 2d 346, the employe died as a result of this disease and his widow's claim was disallowed upon a similar state of facts. He had been employed in a position of exposure from January 4, 1944, to March 24, 1948, and in another job by the same employer where there was no exposure, from March 28, 1948, to January 4, 1952. He died April 2, 1952, more than three years after his last exposure. In affirming the court below which had disallowed the claim, reversing the action of the board, the Superior Court said " 'such occupation or industry' [as used in subsection (c) supra] must refer to an occupation or industry in which the employe is exposed to a silicosis hazard".

The case at bar is controlled by Gawlick v. Glen Alden Coal Co., supra, and claimant is not entitled to compensation upon the merits of his case. This is true no matter how sympathetic we may be with his plight and without regard to the long line of decisions holding that the act will be liberally construed to effectuate its remedial and humanitarian purposes. It follows, therefore, that this appeal must succeed unless the award against the employer and the employer's insurance carrier in favor of claimant is res adjudicata.

In Staller v. Staller et al., 144 Pa. Superior Ct. 83 (1940), 18 A. 2d 537 (affirmed in 343 Pa. 86, 21 A. 2d 16), claimant who contracted lead poisoning in the course of his employment, succeeded before the referee who awarded him compensation payable by the employer and the Commonwealth. This award was affirmed on appeal both to the board and to the court of common pleas. The Commonwealth alone appealed from the decision of the court of common pleas, raising only one question, namely, whether the term compensation as used in the Occupational Disease Supple-

ment of the Workmen's Compensation Law included the supplying of medical and hospital services. The Superior Court held that it did and affirmed the court below. This judgment became the law in this case as to both the employer and the Commonwealth. The effect of the failure of the employer to appeal was not discussed in this case and the appeal was treated as if it had been taken by all of the parties concerned.

Finally, in Heinrich v. Commonwealth, 166 Pa. Superior Ct. 97 (1950), 70 A. 2d 472, the Superior Court affirmed the action of the lower court in striking off a judgment against the Commonwealth. Claimant, had obtained an award under the act before the referee who was affirmed by the board. From this judgment the employer alone appealed to the common pleas court which set aside the award and entered judgment in favor of defendant employer and its insurance carrier. Based upon the Commonwealth's failure to appeal, claimant entered judgment against the Commonwealth on the award of the board. In striking off this judgment, the Superior Court through Hirt, J., said:

"The precise point here raised has not been squarely decided, but from the import of our decisions it is clear that the Commonwealth's liability on a claim resting upon occupational disease, is purely derivative, since in every case it is predicated upon a final award, or judgment thereon, entered against the employer. That is the necessary conclusion from this language of Keller, P. J., in *Weyant v. General Refractories Co.*, 150 Pa. Superior Ct. 502, 29 A. 2d 100: 'The Commonwealth had no part in causing or continuing the conditions responsible for the occupational diseases which disabled workers in certain industries. The employers alone were responsible for them. . . .' There is no inconsistency in *Jones v. Phila. & Reading C. & I. Co et al.*, 154 Pa. Superior Ct. 465, 1944, 36 A. 2d 252, with that conclusion. The Commonwealth's obligation

to pay a part of the compensation in this class of cases is an assumed gratuity in relief of an employer, primarily liable, and does not otherwise become a liability on the Commonwealth. Nevertheless, for its protection the Commonwealth has the status, wherever it chooses to assert it in such compensation proceedings, of a co-defendant in the action and, as such, has the right of appeal. In the Jones case the Board had erroneously affirmed an award which had been barred by the occupational disease statute because based on a claim for compensation filed more than one year after the death of the deceased workman. Although the employer did not contest that award, the Commonwealth properly exercised its right of appeal from the order directing it to pay 8/10 of the award. The right of appeal under such circumstances is clear, for otherwise the Commonwealth could not protect itself against an award entered by collusion between a claimant and an employer willing to bear the small percentage of the award imposed on the employer by the Act, with the Commonwealth paying the rest. *Creighton v. Continental Co. et al.*, 155 Pa. Superior Ct. 165, 38 A. 2d 337, also relied upon by appellant decided merely that voluntary payment by an employer, in excess of statutory requirements, has no effect upon the separate and distinct liability of the Commonwealth.

"Certainly the Commonwealth is bound, under liability which it assumed in the Act, where the employer alone appeals from an award to the common pleas and the award in claimant's favor is finally sustained. *Agostin v. Pgh. Steel Foundry Corp.*, 157 Pa. Superior Ct. 322, 43 A. 2d 604, affirmed in 354 Pa. 543, 47 A. 2d 680. But if, in such circumstances, the employer alone appeals and the award is set aside by the common pleas as to the employer, that ends the legal obligation of the Commonwealth also, for it is not liable at all except as a contributor to the compensation payable to

an employee under an award or judgment against the employer."

In the Jones case the appeal by the Commonwealth alone was to the court of common pleas which treated it as if it had been made by the Commonwealth and the employer, reversing the awards against both of them. On appeal by claimant to the Superior Court it affirmed the court below. It discussed and upheld the right of the Commonwealth to appeal but did not discuss the failure of the employer to appeal from the board's decision. This case, in many respects, is similar to the case at bar.

The import of the decision cited above indicates that for all practical purposes, appeals by either the Commonwealth or the employer in cases under the act are effective as to both and we so decide. The Workmen's Compensation Board therefore erred in holding that the judgment of the referee against the employer in the case at bar was res adjudicata and should have reversed the referee as to both the employer along with its insurance carrier and the Commonwealth of Pennsylvania.

And now, September 30, 1955, the order of the Workmen's Compensation Board directing Carbon Malleable Casting Corporation "to make payment in accordance with the order and award of referee Gladstone A. Carmalt dated July 3, 1953", is reversed, the award of the referee as to the employer is not res adjudicata, all other findings of fact and conclusions of law of the Workmen's Compensation Board, including those of the referee affirmed by it, are affirmed by this court and judgment is entered against claimant, Jonas L. Singer, and in favor of Carbon Malleable Casting Co., employer, Pennsylvania Manufacturers Association Casualty Insurance Co., insurance carrier, and the Commonwealth of Pennsylvania.