Holt *v.* Sunray Electric, Inc., et al., Appellants.

Argued March 27, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Joseph H. Goldstein*, with him *Paul H. Ferguson*, for appellants.

*E. E. Petrillo*, with him *Harold S. Hampson*, for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

This is an appeal from the Court of Common Pleas of Warren County, setting aside the disallowance of the claim of Walter Holt by the Workmen's Compensation Board in a disability claim brought under The

Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 P.S. section 1201 et seq.

On or about May 3, 1956, the claimant, Walter Holt, filed a petition seeking compensation under The Pennsylvania Occupational Disease Act and alleged that he became totally disabled on January 14, 1955, as a result of beryllium poisoning while in the employ of Sunray Electric, Inc. An answer was filed to the petition denying the material allegations and a hearing on said claim by the referee, who found, inter alia, that the claimant was exposed to beryllium dust during his employment with Sunray Electric, Inc., from September 29, 1947 to January 14, 1955, and that the claimant was totally disabled on the latter date as a result of beryllium poisoning. An award of compensation was divided between the employers and the Commonwealth of Pennsylvania. Both the Commonwealth of Pennsylvania and the appellants appealed to the Workmen's Compensation Board which rejected the referee's findings of fact, conclusions of law and the award of compensation and substituted, in lieu thereof, its own findings and conclusions of law.

The Board found that the claimant was exposed to beryllium dust from September 29, 1947 to May of 1949, and not thereafter. The Board concluded that since the Act bringing beryllium poisoning within the enumerated occupational diseases did not become effective until July 1, 1949, and that since the claimant was not exposed to beryllium dust after the effective date of the Act, he was not entitled to compensation. The Board further concluded that since the claimant's compensable disability did not occur within three years after his last exposure to the beryllium hazard, he is not entitled to compensation. The claimant's petition was dismissed.

From such adjudications the claimant appealed to the court below where the exceptions to the findings of fact and conclusions of law of the Workmen's Compensation Board were sustained; the findings and conclusions were set aside; the order of the Workmen's Compensation Board dismissing claimant's petition was reversed, and the record was remanded to the Board so that it may make new findings and conclusions not inconsistent with the opinion and order as entered. From this adjudication the present appeal was filed.

The controlling question to be decided on this appeal is whether the Board's eighth finding of fact, that the claimant was not exposed to the hazard of beryllium poisoning after May, 1949, may be sustained without disregarding the competent evidence.

In *Hollenbach v. North Wales Foundry Company*, 184 Pa. Superior Ct. 571, 136 A. 2d 148, we held that in an occupational disease case, the findings of fact by the Workmen's Compensation Board are conclusive and cannot be disturbed on appeal if supported by competent and substantial evidence in the record. We also held that it is within the province of the compensation authorities to evaluate the testimony and that the credibility of the witnesses, and the weight of conflicting evidence on factual issues is for them. The court below concluded that the Board's eighth finding of fact could not be sustained without a capricious disregard of the competent evidence.

It is conceded that the Board's findings are consistent with each other and with its conclusions of law. It is also conceded that the appellant company started replacing zinc beryllium silicate with halo phosphate, containing no beryllium, in February, 1949, and ceased using it altogether in May, 1949. The only portion of the eighth finding of fact, therefore, which was

negated by the court below was to the effect "that the claimant was no longer exposed to the hazard of beryllium poisoning after May, 1949."

In reversing this portion of the finding, the court below concluded that there was no evidence produced that the employer did anything to rid its plant of the previously accumulated dust after ceasing to use zinc beryllium silicate in May, 1949. From this lack of evidence the inference was drawn that the dust created by the use of zinc beryllium silicate remained in the employer's plant after May, 1949. William Dashem, manager of the employer, was called and testified that the building where this compound was used was never cleaned in the beam, so that some accumulation of dust could have been present. The court below recognized the well-established principle that findings of fact by the compensation authorities are conclusive when sufficiently supported by competent and substantial evidence, but overlooked the equally well-established principle that the same rule applies to inferences of fact. The inferences to be adopted from the facts are for the compensation authorities. *Simon v. Fine*, 167 Pa. Superior Ct. 386, 74 A. 2d 674. Furthermore, the inference drawn by the court below is not the only inference which could have been drawn from such evidence. The statement that the building was never cleaned in the beams creates the inference that the rest of the building was cleaned. As a matter of fact, the claimant himself was engaged in the work of cleaning and the evidence disclosed that the floor of the second floor of the building where this compound was formerly used was entirely replaced in the last five years. There was no evidence whatever that claimant ever came into contact with the beams and that whatever dust had settled on such beams was in any manner disturbed. The evidence disclosed that a clean plant was required in

the manufacturing of the employer's product and the inference from such fact could be drawn by the Board that such cleaning was carried on regularly.

In support of the eighth finding of fact, the following evidence is disclosed by the record: The employer is engaged in the manufacturing of fluorescent light tubes; that prior to February, 1949, beryllium was used in its manufacturing process but that because of information tending to indicate that beryllium constituted an occupational disease hazard, and because of the discovery of less expensive materials producing a better product, the use of beryllium was discontinued entirely by May, 1949; that the manufacturing process was carried on in the second floor of the employer's building and it was there that beryllium compounds were received in fiber cartons. The beryllium and other compounds were placed in an airtight mill where they were mixed with lacquer and the inside of the tubes were coated with the mixture. Some tubes became broken in the manufacturing process and possible exposure to beryllium dust would occur in the opening of the fiber cartons, in the loading of the mixing mill and in the breakage of the completed tubes. From June 12, 1950, claimant was employed as a janitor and not in his former position as a maintenance man. As a janitor, he swept the floors, cleaned offices, removed waste paper from the offices and removed forty watt lamps which were found to be defective. In addition, in September, 1950, when the employer began manufacturing 96 inch tubes on the first floor of the building, he was required to break defective tubes into two parts before final disposition. But these tubes contained no beryllium or beryllium compounds. At no time during the course of the claimant's employment, either as a maintenance man or as janitor, did he have any duties to perform in connection with the

opening of the fiber cartons in which the beryllium compounds were received, the loading of the mill in which the compounds were mixed nor with the manufacturing of the finished tubes.

From these facts, the eighth finding of fact may be supported by substantial evidence and cannot be disturbed on appeal. We cannot see where the Board disregarded capriciously the competent evidence in arriving at the conclusion it did.

Section 301 (c) of The Pennsylvania Occupational Disease Act, supra, provides as follows:

"Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employe was engaged, and not common to the general population. Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry."

In *Gawlick v. Glen Alden Coal Company,* 178 Pa. Superior Ct. 149, 113 A. 2d 346, we held that the limitation of three years commenced from the date the employee was last employed in an occupation in which he was exposed to this hazard and not three years from the date he was last employed by his employer in any capacity. It therefore necessarily follows that the present claim is barred.

The judgment and order of the court below is reversed.