## Onesko, Appellant, v. United States Steel Corporation.

Argued November 12, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Anthony Cavalcante,* for appellant.

*Benjamin Diamond,* Special Assistant Attorney General, with him *Wilson H. Oldhouser,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY RHODES, P. J., March 19, 1964:

This is an appeal from an order of the Court of Common Pleas of Fayette County which denied claimant compensation under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201 et seq.

The two questions raised in this appeal are (1) whether the claimant gave notice to his employer of his disability within the period of one hundred twenty

days as required by section 311 of the Act, as amended, 77 PS §1411; and (2) whether claimant's disability occurred within four years after the date of his last employment in which he was exposed to the occupational hazard as required by section 301(c) of the Act, as amended, 77 PS §1401(c).

The testimony indicates that claimant was sixty-seven years of age. He was a victim of silicosis, and was exposed to the silica hazard over a continuous period of forty-four years with various coal companies. His last exposure was on June 27, 1957, when he left the employ of the United States Steel Corporation.

Claimant consulted Dr. Roy C. Jack in June, 1961. Dr. Jack informed claimant that he had "dust on the lungs," and referred him to Dr. Edward Lebovitz. On December 4, 1961, Dr. Lebovitz examined claimant and informed him of his total disability due to silicosis. Notice to the last employer was given by claimant on December 8, 1961, and the claim petition was filed on December 14, 1961. The claim petition stated that June 20, 1961, was the date of claimant's disability.

The referee awarded the claim, finding that "The claimant gave notice within 120 days from the date he first knew or learned his diagnosis, which rendered him totally disabled in June, 1961." The board reversed the referee and found that claimant became totally disabled in June, 1961, and that claimant had knowledge of the fact at that time. Consequently, claimant's petition did not give notice within the period of one hundred twenty days as prescribed by the Act. The court below affirmed the board.

Section 311 of the Occupational Disease Act, as amended, 77 PS §1411, provides: "Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice of disability to the employer liable for compensation under this article, within twenty-one days after compensable disa-

bility begins, no compensation shall be due until such notice be given, and unless such notice be given within one hundred and twenty days after the beginning of compensable disability no compensation shall be allowed."

Section 301(c) of the Occupational Disease Act, as amended, 77 PS §1401(c), provides: "Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry."

This appeal is similar to *Obzut v. Philadelphia and Reading Coal and Iron Company*, 199 Pa. Superior Ct. 289, 184 A. 2d 381. If the date in June, 1961, is considered as the time when claimant was informed of his disability, his notice to the employer on December 8, 1961, would be more than one hundred twenty days after he knew of his disability from silicosis, and claimant is barred under section 311 of the Act, as amended, 77 PS §1411. This is because the time of notice under section 311 begins to run from the time the employe is disabled and definitely knows he is disabled by the occupational disease. *Ciabattoni v. Birdsboro Steel Foundry and Machine Company*, 386 Pa. 179, 183, 125 A. 2d 365. However, if the date of December 4, 1961, is considered as the time of claimant's disability, then its inception occurred more than four years after claimant's last employment on June 27, 1957. This four-year period set forth in section 301(c) of the Act, as amended, 77 PS §1401(c), is to be computed from the date of claimant's last employment in the occupational hazard involved. *Gawlick v. Glen Alden Coal Company*, 178 Pa. Superior Ct. 149, 151, 113 A. 2d 346.

The findings of fact by the board, if supported by competent evidence, are binding on appeal. *Holt v.*

*Sunray Electric, Inc.,* 186 Pa. Superior Ct. 594, 597, 142 A. 2d 509. Upon examining the record, we agree that the board's finding that claimant ascertained his disability in June, 1961, is supported by the evidence. He admitted this in his claim petition.

The order of the court below is affirmed.