## Gray *v.* Bethlehem Steel Company and Commonwealth.

Argued September 13, 1971, before Judges CRUMLISH, JR., MANDERINO and ROGERS, sitting as a panel of three. Submitted on briefs to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,

JR., MENCER and BLATT. Judge MANDERINO did not participate in the decision.

*James K. Thomas,* with him *Metzger, Hafer, Keefer, Thomas and Wood,* for appellant, Bethlehem Steel Company.

*Samuel C. Vary* and *Clyde M. Hughes, Jr.,* Assistant Attorneys General, for appellant, Commonwealth.

*Richard L. Placey,* with him *Shumaker, Williams & Placey,* for appellee.

OPINION BY JUDGE ROGERS, March 28, 1972:

This is an appeal from the order of the Court of Common Pleas of Dauphin County setting aside a decision of the Workmen's Compensation Board which had dismissed a fatal claim petition filed by the widow of Thomas K. Gray.

Appellant, Bethlehem Steel Company, employed claimant's decedent as a bricklayer, an occupation in which he was exposed to silica hazard. The decedent last worked as a bricklayer for the appellant on February 11, 1963. On that date he became disabled as

a result of lung cancer. He received sickness and accident benefits from February 11, 1963 until August 30, 1963, at which time he was retired. Although silicosis was present as early as February 1963, the decedent was not found to be disabled on that account until July 6, 1967.

The court below held that the claimant was entitled to compensation on the fatal claim petition despite the fact that her husband's disability from silicosis occurred more than four years after his last employment in an occupational hazard. This was error.

Section 301(c) of the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, *as amended*, 77 P.S. §1401(c), provides pertinently: "Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry."

In *Gawlick v. Glen Alden Coal Company*, 178 Pa. Superior Ct. 149, 113 A. 2d 346 (1955), upon facts essentially identical to those here, the court held that the phrase "occurring within three [now four] years after the date of his last employment in such occupation or industry" meant that death or disability must occur within three years from the date when the claimant's decedent or the disabled claimant was last employed in an occupation in which he was exposed to a hazard and not three years from when he was last employed by the defendant in any capacity. Judge WOODSIDE wrote: "*Such* occupation or industry must refer to an occupation or industry in which the employe is exposed to a silicosis hazard." 178 Pa. Superior Ct. at 151, 113 A. 2d at 348. Thus, *Gawlick* defined employment as used in Section 301(c) to mean exposure. *Gawlick* was

followed in *Holt v. Sunray Electric, Inc. et al.,* 186 Pa. Superior Ct. 594, 142 A. 2d 509 (1958). There Judge GUNTHER concluded his opinion: "In Gawlick v. Glen Alden Coal Company, [citation] we held that the limitation of three years commenced from the date the employe was last employed in an occupation in which he was exposed to this hazard and not three years from the date he was last employed by his employer in any capacity." 186 Pa. Superior Ct. at 600, 142 A. 2d at 512.

Again on facts not materially different from those here, compensation was denied in *Singer v. Carbon Malleable Casting Company,* 5 Pa. D. & C. 2d 248 (1955).

So that there may be no question of any significant distinction of facts, the chronology of *Gawlick* and the instant case are here set out:

| *Gawlick* (3-year statute) | *Gray* (4-year statute) |
|---|---|
| March 24, 1948 | February 11, 1963 |
| date of last employment in hazard-exposed employment | date of last employment in hazard-exposed employment |
| Jan. 4, 1952 | August 31, 1963 |
| date of last employment by defendant | date decedent's name last appeared on defendant's employment rolls |
| April 2, 1952 | July 4, 1967 |
| date of death as a result of exposure | date on which claimant became totally disabled as a result of exposure |

Limitations, because they are arbitrary, are often harsh. The benefits of The Pennsylvania Occupational Disease Act, as those of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 *et seq.,* are founded upon actuarial facts. There is unhappily a practical limit to the amounts of benefits employers and the public can provide. This limit must be established by the Legisla-

594

ture possessed of all the facts, not by a court deciding one case, however unfortunate. *Gawlick,* having stood untouched by the Legislature for sixteen years may not be disturbed by us.

The order of the court below is reversed and the decision and order of the Workmen's Compensation Board is reinstated.