Charles M. Andes *v.* City of Lancaster and Commonwealth of Pennsylvania. Charles M. Andes, Appellant.

Argued December 4, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Harry Garmon*, with him *George T. Brubaker*, and *Brubaker & Brubaker*, for appellant.

*Sandra S. Christianson*, Assistant Attorney General, with her *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE KRAMER, January 20, 1976:

This is an appeal by Charles Andes from a decision of the Court of Common Pleas of Lancaster County which reversed a decision of the Workmen's Compensation Appeal Board granting Andes compensation pursuant to Section 108(o) of the Pennsylvania Occupational Disease Act.[1] The lower court correctly held that Andes is ineli-

---

1. Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1208(o).

gible for compensation because of the four-year limitation set forth in Section 301(c) of the Act,[2] and we, therefore, affirm.

The facts of this case are not in dispute. Andes was employed as a fireman in the City of Lancaster from 1947 until 1971. For the last four years and eight months of that period, Andes worked as a dispatcher and had no exposure to the hazards of occupational disease set forth in Section 108(o) of the Act.[3] While at work on December 2, 1971, Andes suffered a heart attack which led to his total disability.

The term "employment in such occupation" in Section 301(c) of the Act means employment in an occupation which involves exposure to the hazard of an occupational disease.[4] Section 108(o) of the Act refers to "service in fire fighting" rather than "employment as a fireman." Andes was not involved in fire fighting for the last four years and eight months of his employment, and thus did

---

2. Section 301(c) of the Act, 77 P.S. §1401(c), reads in pertinent part as follows:

"Whenever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring *within four years after the date of his last employment in such occupation or industry.*" (Emphasis added.)

3. Section 108(o) of the Act, 77 P.S. §1208(o) reads as follows:

"(o) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of *service in fire fighting* for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of *any such* firemen. The Commonwealth shall pay the full amount of compensation for disability under this clause." (Emphasis added.)

4. *Gray v. Bethlehem Steel Company*, 4 Pa. Commonwealth Ct. 590, 288 A.2d 828 (1972).

not have exposure to the hazards of occupational disease as set forth in Section 108(o) during that period. The lower court correctly held that Andes does not meet the four-year limitation set forth in Section 301(c) of the Act, and that he is, therefore, ineligible for benefits.

The order of the lower court is affirmed.