Carol M. Garlick, Widow of Charles E. Garlick, Deceased, Appellant *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Pedos Bros. Construction and State Workmen's Insurance Fund, Insurance Carrier, Appellees.

Argued June 6, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Raymond F. Kiesling,* with him *Will & Keisling,* for appellant.

*Arthur J. Rinaldi,* with him *John E. O'Connor,* Chief Counsel, State Workmen's Insurance Fund; and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, September 13, 1977:

Carol M. Garlick, the widow of Charles Garlick (claimant), appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision suspending payment of the claimant's disability compensation for a period of 32 months.

The claimant was injured in the course of his employment with the Pedos Brothers Construction Co. (employer) in 1963. He subsequently entered into a compensation agreement with the employer which provided for total disability compensation in the amount of $47.50 per week for an indefinite period. In 1968 the employer filed a termination petition alleging that the claimant could not be located and that his present disability status, therefore, could not be ascertained, and, following a hearing at which the claimant did not appear and at which the employer presented no evidence, a referee granted the employer's petition and terminated payments.

In 1973 the claimant filed a claim petition which was treated by the compensation authorities as a petition for reinstatement, and two hearings were held before a referee. The employer offered no evidence, but the claimant introduced medical reports into evidence to substantiate the serious nature of his injury and provided a list of his earnings for the years 1968 through 1971. The referee decided that the order entered on the termination petition filed in 1968 was void because the employer had presented no evidence which would justify termination of the compensation, and, after examining the income data supplied by the claimant, the referee concluded that, although the claimant was not entitled to compensation for the period from January 1, 1969 to September 5, 1971, he was entitled to the applicable maximum benefits of $47.50 per week from and after September 6, 1971. The claimant died while the case was being appealed to the Board, which ultimately affirmed the referee's decision, and this appeal was brought by the claimant's widow (appellant).

Our scope of review in a workmen's compensation case is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Jessop Steel Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 186, 309 A.2d 86 (1973).

The appellant argues here that the referee erred in suspending the claimant's compensation from January 1, 1969 to September 5, 1971. The referee's order does not explain the reasons for the suspension, but the Board's opinion indicates that it affirmed the suspension order because: (1) the evidence offered by the claimant before the referee indicated that he had earned disqualifying amounts of income for a period of four to five months immediately preceding Septem-

ber 6, 1971; and (2) the suspension was proper for the balance of the period concerned because the claimant had failed to meet his burden of establishing his eligibility for the entire period. Our review of the record indicates, however, that, while a suspension of compensation for a portion of the period was proper, suspension for the entire period was not justified .

The evidence offered by the claimant concerning his employment consisted of his oral testimony and a handwritten summary of the jobs he had held during the period in question. The only significant wages that the claimant earned in this period, as the referee found, resulted from a job he held in 1971. While we agree, therefore, that a suspension of compensation for the time of this employment was proper, we find no evidence in the record to indicate how long that employment lasted or precisely when it began.[1] We must, therefore, remand this matter to the Board so that it may make a determination of this issue.

The Board concluded, of course, that a suspension of compensation for the entire balance of the period was justified, and this conclusion was based on the fact that the Board considered the proceedings to have been in the posture of a hearing on a reinstatement petition, with the burden on the claimant to establish his eligibility for additional compensation. The unusual circumstances of this case, however, leads us to conclude that the burden of proof at the hearings should have been on the employer. The referee properly ruled that the 1968 order terminating payment pursuant to the 1963 compensation agreement was void. The referee's hearings, therefore, which osten-

---

[1] The handwritten work summary submitted to the referee indicated that the claimant had worked for the R. J. Baldwin Company for a period of five months, concluding on September 6, 1971. The claimant testified before the referee that he had worked for R. J. Baldwin for a period of four months.

sibly examined the issue of whether or not benefits should be terminated, were actually in the nature of proceedings pursuant to a termination petition, in which the burden was on the employer to establish that the claimant was ineligible for continued compensation. *See Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.,* 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976). Under these circumstances and because it was obviously unclear at the time of the proceedings which party had the burden of proof, we believe that it would be unjust to hold that the employer here had failed to meet his burden without providing him an opportunity to do so. For this reason, too, we must remand this case to the Board for further proceedings. We will remand, therefore, with an order to the Board (1) to afford an opportunity for the employer to present evidence why compensation paid pursuant to the 1963 agreement should be terminated; and (2) to determine the exact period for which that compensation, if proper, should be suspended because of the claimant's employment in 1971.

The order of the Board is reversed and this case remanded for further proceedings consistent with this opinion.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

ORDER

AND Now, this 13th day of September, 1977, the order of the Workmen's Compensation Appeal Board is reversed and the case remanded for further proceedings consistent with this opinion.