## Tuminski v. Stegmaier Gold Medal Beer

*Joseph C. Giebus,* for claimant.
*Ralph J. Johnston, Jr.,* for defendant.

TOOLE, *J.,* May 23, 1983—This matter comes before the court on an appeal filed by Frank Tuminski (claimant) from an order of the Workmen's Compensation Appeal Board (board) which reversed a referee's grant of compensation benefits.

On March 22, 1979, claimant filed a claim petition under the Pennsylvania Occupational Disease Act[1] (act) alleging that he had become totally disabled as a result of silicosis occasioned by his exposure to a silica hazard while employed by defendant, Stegmaier Gold Medal Beer (Stegmaier). Notice of the disability was duly served on Stegmaier by regular mail on March 21, 1979.

Claimant was employed by Stegmaier from January, 1946, to November 30, 1974, when the company's brewery closed. He has not worked since that date. Prior to his employment with Stegmaier, claimant had been employed in the coal mining industry in Pennsylvania as a miner for 13 years, followed by three years of service in the Armed Forces.

Claimant introduced testimony of two medical witnesses. Dr. John R. Siberski initially testified that claimant was disabled due to anthraco-silicosis as a result of his exposure to coal dusts in the mines.

---

1. Act of June 21, 1939, P.L. 566, §101 et seq., as amended, 77 P.S. §1201, et seq.

At a subsequent hearing, however, Dr. Siberski modified his opinion indicating that claimant was disabled due to silicosis caused by his exposure to silica dusts in the course of his employment with Stegmaier. Dr. Siberski attributed the change in opinion to his not having been fully aware of claimant's employment with Stegmaier at the time of the first assessment. He further indicated that his initial opinion had been based primarily on an x-ray of claimant's lungs. Dr. Carlo Rodriguez also testified on behalf of claimant indicating that it was impossible to distinguish radiologically the difference between anthraco-silicosis and silicosis.

On the basis of Dr. Silberski's testimony, the referee found that claimant was totally disabled due to silicosis caused by his exposure to the silica dusts while working for Stegmaier. Having further found that all of claimant's disability was a result of claimant's employment at Stegmaier, the referee dismissed the Commonwealth as a party to this case.[2] Accordingly, the referee awarded claimant compensation benefits assessing the same against Stegmaier.

On appeal before the board, Stegmaier argued that claimant's petition was barred by the applicable statute of limitations and that the referee erred as a matter of law in accepting the contradictory testimony of Dr. Siberski. In an order and opinion filed December 8, 1983, the board reversed the decision of the referee, concluding that claimant's claim was barred by §301(c) of the act, 77 P.S. §1401(c). The present appeal is from that order of the board.

The question presented is whether claimant suffered a compensable disability within the meaning

---

2. By stipulation of counsel, the Commonwealth was also eliminated as a party to this appeal.

of section 301(c). For the reasons set forth hereinafter, we are unable to decide that question of law.

We note at the outset a significant amount of confusion on the part of both parties as to the correct interpretation and application of section 301(c) to this case as well as to the board's holding under that section. Section 301(c) provides in pertinent part:

". . . Wherever compensable disablity or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and *occurring within four years after the date of his last employment in such occupation or industry*. (Emphasis added.)

In reversing the referee's decision, the board stated the following:

"Under the Pennsylvania Occupational Disease Act, compensable disability must occur within four (4) years from the date of claimant's last employment in the industry causing claimaint's disability. . . .

"In the instant matter, the record reveals that claimant last worked for defendant on November 30, 1974. Yet disability did not occur until March of 1979, a period well outside the statutorily provided four year period. Under these circumstances, claimant's claim is clearly barred by the provisions of Section 301(c) of the 1939 Occupational Disease Act, 77 P.S. §1401(c)."

Claimant argues that since the claim petition was filed on March 22, 1979, only six days after he had become aware of his disability, the petition was timely filed, and, thus, 301(c) does not bar recovery. Stegmaier, on the other hand, contends, as it did before the board, that recovery is barred by section 301(c) since suit was not commenced within four

years of claimant's last date of employment with that company. In emphasizing the time of filing rather than the occurrence of disability, both parties have entirely misconstrued the statute in question as well as the board's holding.

In support of his contention, claimant cites Sierzega v. U.S. Steel Corp., 204 Pa. Super. 531, 205 A.2d 696 (1964) and Butler v. U.S. Steel Corp., 205 Pa. Super. 508, 211 A.2d 35 (1965) as authority for the proposition that the time in which a claim must be filed runs from the date when the claimant has knowledge of the disease. Any reliance on Sierzega and Butler is misplaced, however, as the rule of construction enunciated in those decisions applies to §315 of the act, 77 P.S. §1415, which provides for a 16 month period in which the claim petition itself must be filed. The prerequisites of that statute of limitation are entirely distinct and separate from those of §301(c). Likewise, Stegmaier's contention that the four year statutory provision of §301(c) makes it necessary to file the claim within that period must also be rejected as that issue has been addressed by our Superior Court and found to be meritless. Agostin v. Pittsburgh Steel Foundry Corp., 157 Pa. Super. 322, 43 A.2d 604 (1945), aff'd. 354 Pa. 543, 47 A.2d 680 (1946).

In view of the board's decision, the critical factual issue presented is not whether the petition was timely filed, but whether claimant established that his total disability[3] occurred within four years from the date of his last employment with Stegmaier.[4]

---

3. Benefits for a disability caused by silicosis are only payable under the act if the disability is total as opposed to merely partial. Section 301(e) of the act, 77 P.S. §1401(e).

4. In Gawlick v. Glen Alden Coal Co., 178 Pa. Super. 149, 113 A.2d 346 (1955), the court construed the phrase "the date of his last employment in such occupation or industry" as

Since claimant's last date of employment with Stegmaier was November 30, 1974, the burden was on him to prove that he had become totally disabled from silicosis prior to November 30, 1978. Unfortunately, on the basis of the record before us, we are unable to properly determine when claimant's total disability actually occurred. Our inability stems from the lack of adequate evidence concerning the occurrence date of total disability and the compensation authoritys' consequent failure to specifically set forth a factual finding on this issue.

The evidence which we find inadequate came by the way of Dr. Siberski's testimony and may be summarized as follows:

Dr. Siberski began treating claimant in the fall of 1978. In pursuance of that treatment, two x-rays of the claimant's chest were taken. The initial x-ray, which was taken on August 4, 1978, indicated an essentially normal chest. (Claimant's Exhibit no. 1.) In the second x-ray, taken in March of 1979, a fine, reticular, nodular pattern consistent with anthracosilicosis was noted.[5] The difference in the x-ray results was attributed to the progressive nature of claimant's condition. The doctor also noted that claimant had exhibited a progressive course of disability since entering treatment with a specific de-

---

contained in section 301(c) to mean the date the employee was last employed in an occupation in which he was exposed to a hazard of an occupational disease and not the date he was last employed by his employer in any capacity. Since Stegmaier does not contend that the last date of exposure was other than the date of last employment, we will treat the latter as the relevant point in time.

5. As previously noted, Dr. Siberski had originally diagnosed claimant's condition as anthraco-silicosis, but subsequently modified his diagnosis to that of silicosis upon learning of claimant's employment with Stegmaier.

crease in his exercise tolerance, particularly in walking and climbing steps. Dr. Siberski declared claimant totally disabled in the spring of 1979, the time of the most recent x-ray. On re-direct examination, the doctor also stated the following:

By Mr. Giebus:

Q. The date of the x-ray was March 17, 1979?[6]

A. I believe so.

Q. It is that date he is totally disabled as a result of anthraco-silicosis?

A. Yes.

In setting forth his findings of fact, the referee made no mention of the occurrence date of claimant's total disability. Rather, he merely found that, "[t]he doctor fixed the claimant's date of disability as March 16, 1979." We do not view this finding as indicating the date claimant's total disability occurred. When viewed in the context of the pertinent testimony, it is apparent that the date given by Dr. Siberski was not the occurrence date but rather the date the doctor declared claimant totally disabled. Considering the progressive nature of claimant's condition, it would appear that total disability must have occurred prior to the date the doctor first observed and declared claimant totally disabled. Indeed, the referee, in awarding claimant benefits, may well have concluded on the basis of this evidence, that total disability occurred prior to November 30, 1978. Absent a specific finding on that issue, however, we cannot make that presumption. As the court noted in Page's Department Store v. Velardi, 464 Pa. 276, 346 A.2d 556, 561 (1975):

"When the fact finder in an administrative proceeding is required to set forth his findings in an ad-

---

6. The x-ray report indicates March 16, 1979 as the actual date the x-ray was taken.

judication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision. An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level."

It is clear that the duty of a referee as a fact finder is to make crucial factual determinations which in this case included a determination as to when total disability first occurred. The referee's finding of fact no. 6, not having done so, was therefore clearly in error. Likewise, the board not having taken additional testimony and not having explicitly made its own specific finding of fact on the issue, also erred by its apparent reliance on and enlargement of the referee's unspecific finding which itself was based on an error of law. Cf. Northern Metal Co. v. Workmen's Compensation Appeal Board, 14 Pa. Commw. 283, 320 A.2d 453, 454 (1974). As a reviewing court, we cannot therefore consider and determine this appeal without a clear finding on the question of the occurrence date of total disability. Accordingly, we will remit the record to the board for a more specific finding of fact on this issue so that a proper determination of whether claimant suffered a compensable disability within the meaning of §301(c) may then be made. See 77 P.S. §1527.

In addition, since the relevance of the occurrence date was obviously overlooked by both parties in the proceedings before the referee, we believe justice demands that claimant be afforded another opportunity to present evidence concerning exactly when his total disability first occurred. Cf. Garlick v. Workmen's Compensation Appeal Board, 31 Pa.

Commw. 570, 377 A.2d 212 (1977). If, after hearing, the board should find that total disability occurred prior to November 30, 1978, then claimant's claim would not be barred under §301(c). However, if the board should find that disability did not occur prior to that date, or if claimant should fail to establish the date of occurrence, then, of course, a denial of compensation would be proper pursuant to Sec. 301(c). Bethlehem Steel Co. v. Gray, 4 Pa. Commw. 590, 288 A.2d 828 (1972).

We would finally note that on remand the board should also consider and determine the other issues raised by Stegmaier which were not addressed in the proceedings below.

Accordingly, we enter the following

### ORDER

The order of the Workmen's Compensation Appeal Board is reversed and the case remanded to the board to:

(1) hear further testimony concerning the occurrence date of claimant's total disability, and

(2) make a specific and proper factual and legal determination of that issue and any other issues preserved and presented for resolution.