## McCaney *v.* Maple Glen Coal Co. (et al., Appellant).

*Workmen's compensation—Award to widow and children—Apportionment—Payment of guardian of children—Nonresident alien widow—Acts of June 2, 1915, P. L. 736, and June 26, 1919, P. L. 642.*

1. Under article III, section 307, of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, the compensation payable to widow with children during 300 weeks after death, may be divided and a portion thereof paid to the guardian of the children.

2. In case of a nonresident widow with four children who are not aliens, two-thirds of forty per cent of the amount of deceased's wages may be paid to the widow and twenty per cent to the guardian of the children.

Argued September 30, 1924. Appeal, No. 96, Oct. T., 1924, by Ætna Life Insurance Co., insurance carrier, from judgment of C. P. Allegheny Co., Jan. T., 1924, No. 2620, affirming decision of Workmen's Compensation Board, in case of Mike McCaney's Dependents v. Maple Glen Coal Co., defendant, and Ætna Life Insurance Co., insurance carrier and intervening defendant. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Insurance carrier appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John M. Reed,* of *Reed & Blair,* for appellant, cited: Ferdisco v. Trimble & Sons, 272 Pa. 125; Pobloskie v. Coke Co., 272 Pa. 129; Lovasz v. Steel Co., 266 Pa. 84.

*John Kulamer,* for appellee, cited: Ferdisco v. Trimble & Sons, 272 Pa. 125.

PER CURIAM, November 24, 1924:

A modification by the Workmen's Compensation Board of a compensation agreement was affirmed by the Court of Common Pleas of Allegheny County, and this appeal issued.

We adopt the following excerpts from the opinion of the court below: "The deceased was an alien [who lived] in Pennsylvania with his wife and four minor children up to the time of his death; his wife then returned to Czecho-Slovakia, of which she was a citizen, and took the children with her; compensation was first allowed as if the minors also were aliens, but, upon it being brought to the attention of the board that they were born in the United States and therefore were not nonresident aliens, the award was modified as it now stands, giving the widow at the rate of two-thirds of forty per cent, or 26-2/3 per cent for herself, plus twenty per cent for the four children, being in all 46-2/3 per cent of $20 per week. It also appears that, the proper court in Czecho-Slovakia having decreed that the mother is not the proper person to have charge of these children, and this being made known to the Workmen's Compensation Board, it was ordered that the share of the children be paid to a guardian appointed by that court instead of to the mother: we do not understand that there is any complaint on the part of appellant as to [the designation of this guardian] ......Appellant's contention is that, as the act gives the widow forty per cent if there are no children, and sixty per cent if there are three or

more children, this is an indivisible award to be made to the widow, and that, therefore, being an alien and only entitled to two-thirds of the compensation, she is entitled to receive but two-thirds of sixty per cent [for herself and children], and that the compensation for the first three hundred weeks after the death of the party, payable to a widow, cannot be divided and a portion thereof be paid to the guardian of the children. The Workmen's Compensation Act of 1919, section 307, provides that 'The board may, if the best interest of a child or children shall so require, at any time order and direct the compensation payable to a widow or widower on account of any child or children to be paid to the guardian of such child or children,' etc. It seems very plain, this recognizes that a part of the money given to a widow where there are children is payable 'on account' of the children, and in the cases where sixty per cent is payable, forty to a widow without children and sixty to a widow where there are three children......, that this twenty per cent is what is referred to in the act as the compensation payable on account of the children; and, as the act expressly authorizes this to be paid to a guardian, and the children [involved in this appeal] are admittedly not aliens, we are unable to see why the guardian, or person who has to take care of [them] instead of the widow, ......should not receive the whole of that portion."

The judgment is affirmed.