Opinion by
 

 Hirt, J.,
 

 John L. Sweeney died from accidental injury on April 2, 1931 and an agreement was entered into by claimant with defendant employer for compensation to her, in her own right as widow, for 300 weeks ending January 1, 1937 and to her on behalf of Francis J. Sweeney, a nephew of decedent, as to whom he had stood in loco parentis, for a term ending June 17, 1937. It was not until February 17, 1937, after her compensation as widow had been paid in full in accordance with the agreement, that claimant for the first time asserted a claim for compensation on behalf of another alleged dependent, Joseph McDevitt, then about seven years old, a son of decedent’s niece, who it was contended was also a member of decedent’s household at the time of his death and dependent upon him. The question was raised by claimant’s petition to modify the compensation agreement under the first paragraph of §413 of the Compensation Act, 77 PS 771.
 

 This appeal involves a consideration of the Compensation Act in relation to the nature of claims of, or on behalf of, dependent children. Under the act, a child within enumerated classes, is entitled to an award regardless of whether decedent left a wife surviving him. If there be a widow, she may assert the claim of a dependent child and in general is entitled to receive the compensation payable on its behalf. §307, 77 PS 542. But by the same section it is provided that if the best interests of the child so require, the claim of the widow for payment to her may be ignored and compensation may be directed to be paid to the guardian of the child,
 
 (McCaney v. Maple Glen Coal
 
 Co., 281 Pa. 298, 126 A. 720) or “if there be no guardian......to such other person as the board may order and direct.” The right of the widow to petition for and to receive compensation due a dependent child, therefore, is one of convenience and is not absolute.
 

 
 *542
 
 Normally, the dependency of children upon a father falls upon his widow after his death and the obligation to support them is assumed by her. For that reason, where the unity of the remaining family continues, compensation for a dependent child is usually made payable to the widow. Except in rare cases any other procedure would serve no purpose and would be unnecessarily cumbersome; a widow ordinarily may be trusted to use the compensation payable on behalf of a child, for its maintenance in its best interests. But, from the plain intent of the Compensation Act, it seems clear that compensation on behalf of a dependent child on the death of an employee is entirely separate and distinct from the widow’s compensation, though the claim for the child may be asserted by the widow and the award for the child be made payable to her. The decisions recognize the separate character of the claims. Where the employee is survived by a widow and child or children, provision is made for the maintenance of the latter not by increasing the amount of the award to the widow as such, but by adding to the widow’s compensation a stipulated per centum of decedent’s wages as compensation to such child or children.
 
 Cole v. Keystone Pub. Serv. Co.,
 
 128 Pa. Superior Ct. 489, 194 A. 237. A widow may not be entitled to compensation for herself, because not dependent within the meaning of the statute
 
 (Logan v. Pot Ridge Coal Co.,
 
 79 Pa. Superior Ct. 421;
 
 Polasky v. Phila. & Reading C. & I. Co.,
 
 82 Pa. Superior Ct. 182) without affecting the right of a dependent child to compensation. The forfeiture of a widow’s right to continued payments by remarriage does not suspend the compensation payable on behalf of children.
 
 McGilley v. Markovitz Bros.,
 
 89 Pa. Superior Ct. 170. Commutation of a widow’s award, without the joinder of the child’s guardian acting under the supervision of the court, has no effect upon the continued payment of compensation on behalf of the child.
 
 Lovasz v. Carnegie
 
 
 *543
 

 Steel Co.,
 
 266 Pa. 84, 109 A. 601. The act itself in §307 refers to “children...... entitled to compensation” in eases where there is a widow, indicating the independent nature of their claims.
 

 Even if it he conceded, on the doubtful testimony produced, that a provision for compensation on behalf of the additional child was omitted from the agreement by mistake of fact, the right of the child cannot be adjudicated in a proceeding under the first paragraph of §413 for a review of the agreement entered into by claimant. Though included in one instrument there were in fact two agreements, one for compensation to claimant in her right as widow and the other for compensation on behalf of a dependent nephew. There was no reference in the agreement to the claim of the additional child. The first paragraph of the above section relates to review and modification of
 
 existing agreements
 
 and since the agreement entered into by claimant did not relate to the claim of the child in question, there was no existing agreement for review.
 
 J. Baluta v. Glen Alden Coal Co.,
 
 109 Pa. Superior Ct. 66, 165 A. 764.
 

 The independent claim of the additional child, in this case, asserted more than five years after the death of the employee came too late and is barred by the limitation of §315 of the act, 77 PS 602. Payments to the widow throughout the period of 300 weeks did not affect the limitation of the section nor enlarge the time within which the claim could be asserted. “Time is here made an essence of the right created and there is no right independent of the limitation, no right unless a claim is made within a set period. There are numerous decisions dealing with limitations which are a part of a substantive right as distinguished from those which deal with the mere remedy for an otherwise subsisting right:”
 
 Rowles v. State Workmen’s Ins. Fund,
 
 141 Pa. Superior Ct. 193, 14 A. 2d 551. In
 
 Ratto v. Penna. Coal Co.,
 
 102 Pa. Superior Ct. 242, 156 A. 749 where the widow’s peti
 
 *544
 
 tion for herself and children was filed sixteen months after her husband’s death, it was said that it was the legislative intent “to make the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation and that failure so to do should operate as an absolute bar of the right” in the absence of fraud or its equivalent. Clear proof of fraud, coercion or other improper conduct will estop an employer from invoking the limitation
 
 (Seneca v. Yale & Towne Mfg. Co.,
 
 142 Pa. Superior Ct. 470, 16 A. 2d 754;
 
 Demmel v. Dilworth Co.,
 
 136 Pa. Superior Ct. 37, 7 A. 2d 50) but there is no such evidence in this case. Claimant widow must have known of the right, if any, of the child in question following her husband’s death for she then asserted a similar claim for decedent’s nephew, dependent upon him at the time of his death. If decedent had stood in loco parentis to the child in question it is reasonable to assume that this claim also would have been then asserted. However, there is no evidence that she was prevented from filing the claim in time by any act of defendant. In the absence of testimony justifying the delay, courts are powerless to extend the period for filing a petition beyond the limitation of §315 as a matter of indulgence even in a meritorious case.
 
 Rowles v. State Workmen’s Ins. Fund,
 
 supra. Insofar as these conclusions are at variance with the decision in
 
 Dime T. & S. D. Co. v. Phila. & R. C. & I. Co.,
 
 78 Pa. Superior Ct. 124, that case is no longer to be regarded as controlling.
 

 For the reasons stated, we think the court erred in entering judgment on the award in this case.
 

 The judgment is reversed and is directed to be entered in favor of defendant.