Jonathan Landis, Deceased, by Connie Landis, Widow *v.* Zimmerman Motors, Inc. and Workmen's Compensation Appeal Board. Connie Landis, Appellant.

228

Argued February 4, 1977, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Richard M. Serbin,* with him *Barron & Zimmerman,* for appellant.

*Joseph P. Green,* with him *Litke, Gettig, Flood, Lee & Martin,* and *James N. Diefenderfer,* for appellees.

Opinion by Judge Mencer, March 11, 1977:

Jonathan Landis died on January 4, 1973 from injuries sustained in the course of his employment. Thereafter, his widow, Connie Landis, entered into a compensation agreement with the employer, Zimmerman Motors, Inc. (Zimmerman) which provided for payments to her.[1] On January 31, 1975, more than two years after her husband's death, the widow filed a petition claiming death benefits for a daughter by a former marriage. A referee awarded benefits pursuant to Section 307(3) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended* (Act), 77 P.S. §561(3), but the Workmen's Compensation Appeal Board (Board) reversed

---

[1] *See Landis v. Zimmerman Motors, Inc.,* 27 Pa. Commonwealth Ct. 99, 365 A.2d 190 (1976).

because the petition had been untimely filed. We agree and will affirm the Board.

On appeal to this Court from the Board's order, Connie Landis contends that the Board erred in disallowing the child's claim. Her first argument is that a child has no independent right to compensation, but rather, under Section 307(3),[2] the existence of a child merely serves to generate a larger payment for the widow. Accordingly, she would have us treat her petition as in the nature of a petition for modification of an existing claim, which would not be barred by the two-year limitation period prescribed in Section 315 of the Act, 77 P.S. §602.[3]

We reject this argument for the reasons set forth in *Sweeney v. Reading Co.*, 146 Pa. Superior Ct. 539, 23 A.2d 66 (1941), *allocatur refused* (1942). In that

---

[2] Section 307(3), at the time in question, provided in pertinent part:

In case of death, compensation shall be computed on the following basis, and distributed to the following persons:

. . . .

3. To the widow or widower, if there be one child, sixty per centum of wages, but not in excess of sixty-six and two-thirds per centum of the Statewide average weekly wage.

[3] Section 315 provided in pertinent part:

In cases of personal injury all claims for compensation shall be forever barred, unless, within two years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within two years after the injury, one of the parties shall have filed a petition as provided in article four hereof. In cases of death all claims for compensation shall be forever barred, unless within two years after the death, the parties shall have agreed upon the compensation under this article; or unless, within two years after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of two years from the time of the making of the most recent payment prior to date of filing such petition . . . .

case a widow entered into a compensation agreement for her own benefit and for the benefit of a nephew of the decedent. After the limitation period had passed, the widow filed a petition to modify the compensation agreement so as to claim benefits for another ''child.'' The court disallowed the claim as a petition to modify because the second child's claim was independent of the claims with which the agreement dealt. The court concluded that a child's claim was separate and distinct from a widow's claim even though the claim for the child may be asserted by the widow and the award for the child made payable to her. The court further concluded that payments to the widow did not affect the limitation of Section 315 nor enlarge the time within which the child's claim could be asserted and that, therefore, the independent claim of the additional child was barred. *Id.* at 542-43, 23 A.2d at 67-68. We must likewise conclude that the claim of Connie Landis' daughter is independent from the claim with which the widow's compensation agreement deals and that the child's claim was filed beyond the time limitation set forth in Section 315.

The widow's reliance on *Anderson v. Borough of Greenville,* 442 Pa. 11, 273 A.2d 512 (1971), for the proposition that a child's claim is not independent of the claim of an eligible widow is misplaced. The issue in *Anderson* was whether an employer could be subrogated to a wrongful death award recovered by the deceased employee's children. The Supreme Court noted that under the terms of Section 307 children have no right to recover compensation when an eligible widow exists. The Court concluded that because the children in that case had no right to recover workmen's compensation payments the employer could not be subrogated to their wrongful death award. Thus the Court stated:

The essence of this action is that the compensation carrier is attempting to recover from the

> wrongful death fund created by the children in their own right Workmen's Compensation payments it made to the widow which the children could not recover in an action of their own. The obligations satisfied by the funds are not equatable; the parties permitted to recover are not the same.

*Id.* at 17, 273 A.2d at 515.

Since *Anderson* dealt with the party permitted to recover on a claim and not with the nature of the claim, it is distinguishable from and does not control the instant case.

The widow's second argument is that, even if the claim was filed beyond the period designated in Section 315, Zimmerman is estopped from asserting the limitation as a defense. It is suggested that Connie Landis was lulled into a false sense of security by statements of an insurance investigator[4] and that she should be permitted to assert the child's claim despite the fact that it was filed more than two years after the decedent's death. We conclude that the widow has not, by clear and precise evidence, shown that she was led to believe that her claim would be taken care of by the employer and that there was no need for any immediate or further action on her part. *See Palmer v. City of Pittsburgh and Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 526, 308 A.2d 179 (1973); *Fulton v. Philadelphia Rustproof Co.*, 200 Pa. Superior Ct. 467, 190 A.2d 459 (1963); *Sweeney, supra*. Accordingly, we cannot sanction the filing by Connie Landis of her child's claim after the time prescribed.

---

[4] The referee found that the insurance carrier advised Connie Landis it would consider paying her compensation on behalf of her daughter but that the insurer never advised the widow it had decided not to pay for the child. Instead, the insurance carrier filed a Notice of Compensation Payable providing for payments to Connie Landis alone.

Since the widow did not file the claim petition for her daughter within the time required by Section 315, the Board was correct in concluding that the claim was barred.

ORDER

AND Now, this 11th day of March, 1977, the order of the Workmen's Compensation Appeal Board, filed May 11, 1976, which dismissed claim petition 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, is hereby affirmed.