Peggy Hippensteel, Guardian of Sherri L. Keller, Petitioner *v.* Workmen's Compensation Appeal Board (H. M. Kelly Trucking Company), Respondents.

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Samuel K. Gates,* with him *Gary L. Snyder, Frankel & Gates,* for petitioner.

*Robert J. Stewart,* with him *Patricia A. Butler, Liverant, Senft and Cohen,* for respondent, H. M. Kelly Trucking Company.

Opinion by Judge Doyle, February 23, 1983:

Before this Court is an appeal by Peggy Hippensteel (Petitioner), in her capacity as natural guardian of Sherri L. Keller (Claimant), of a decision by the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of death benefits to Claimant on the grounds that the petition therefore was untimely filed. We affirm.

Claimant, who was born on August 28, 1962, is the illegitimate daughter of the late Lester E. Walton and Petitioner. By court order, Walton was obligated to pay Petitioner the sum of $7.50 per week for the support of Claimant. Walton, who was a truck driver, was killed in a work related accident on April 9, 1965. His widow filed a claim petition for death benefits on behalf of herself and their two children for which payments were subsequently made. Petitioner, however, ostensibly on the basis of statements made by Walton's employer, the Kelly Trucking Co., to the effect that Claimant was not entitled to benefits, did not file a claim at that time. It was not until December 23, 1975, that a separate claim petition was filed on behalf of Claimant.

Following a hearing, a referee found, and the Board affirmed, that the claim, having been filed by Petitioner more than sixteen months after Walton's death,[1] was untimely and should be dismissed. In her appeal to this Court, Petitioner asserts that the Board's decision was in error as a matter of law in that: (1) Claimant, as an infant, was legally disabled so that the running of the statutory period for filing a

---

[1] Pursuant to Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. 602, petitions for death benefits must now be filed within three years after the death in question. Sixteen months was the statutory period for filing such a petition at the time of the death at issue in the case at bar.

dependent death benefits petition should have been tolled, and (2) Claimant, as a minor, could not be bound by the actions of her mother (Petitioner) when the courts have "neglected" to appoint a guardian to protect her interest.

With respect to the first issue, we must reject Petitioner's argument. While we take note of the examples from other jurisdictions, cited by Petitioner, which toll the statute of limitations in workmen's compensation cases when a claimant is disabled because of infancy, it is the law in Pennsylvania that the limitation to a period in which an action can be brought is not tolled for minors or other incompetents unless the statute so provides. *Walker v. Mummert,* 394 Pa. 146, 146 A.2d 289 (1958). *See also Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967); *Courts v. Campbell,* 245 Pa. Superior Ct. 326, 369 A.2d 425 (1976). *See generally* 2 Standard Pennsylvania Practice 2d §13:114. The Pennsylvania Workmen's Compensation Act (Act) does not except minors from the limited time period in which a claim must be brought. Accordingly, we have held that Section 315 of the Act barred the claim of minors brought after the statutory period had lapsed. *Landis v. Zimmerman Motors, Inc.,* 29 Pa. Commonwealth Ct. 227, 370 A.2d 412 (1977); *Sweeny v. Reading Co.,* 146 Pa. Superior Ct. 539, 23 A.2d 66 (1941).[2]

In addressing the second issue raised herein, Petitioner contends that even though she, as natural guardian, could have pursued a claim for compensation on behalf of Claimant, it is incorrect to penalize

---

[2] *Hoffer Transportation Co. v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 310, 443 A.2d 1381 (1982), is distinguishable from *Landis* and the case at bar because it involved minors who were identified in the original claim petition but who were then deleted from the petition without permission from anyone with the requisite legal authority to represent the minors' interests.

Claimant for any subsequent inaction as Petitioner was never appointed as Claimant's legal guardian. Petitioner argues that this is especially so in light of the fact that

> [a]t the time of her fathers death, . . . [Claimant's] status as an illegitimate child prevented her from claiming death benefits. It was not until some seven years later that this arbitrary and discriminatory practice was found to be in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. See Weber v. Aetna Casualty and Surety Co., 406 U.S. 164 (1972). It certainly can not be the intendiment [sic] of any court to penalize a minor for the inability to stay abreast of a substanitive [sic] change in the law some seven years after the happenstance which gave rise to the initial claim.

Petitioner, however, fails to cite, nor can we find, any authority supporting the theory that a guardian must be appointed to represent the legal interests of an illegitimate child when the parent with whom the child is not residing dies, or that the running of any pertinent statute of limitations against such a minor is tolled if no such guardian is appointed. Under statutes, long since repealed, which provided for the tolling of the statute of limitations for minors, our Supreme Court specifically refused to distinguish between minors with guardians and those without. *Fassitt v. Seip,* 249 Pa. 576, 95 A. 273 (1915). We find no compelling reason to so distinguish where, as here, the statute of limitations is not tolled. In addition, whereas, it has not been shown that Petitioner, as Claimant's natural guardian, was either incompetent to pursue a claim on behalf of Claimant or otherwise protect Claimant's interests, or was somehow motivated to ignore Claimant's interest, we find nothing contrary to

"inate fairness" in the running of the statute of limitations against Claimant.

We also note that the reference to *Weber* is inapposite in the instant circumstances. Claimant's status as an illegitimate child did not bar her *per se* from collecting death benefits under the Act at the time of Walton's demise. It simply imposed upon her, to establish eligibility under our case law, the added burden of showing that she was a member of the decedent's household at the time of the latter's death and that the decedent stood *in loco parentis* to her. *Lehigh Foundations, Inc. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 416, 395 A.2d 576 (1978).[3] Whether those prerequisites to eligibility were satisfied was a legal conclusion appropriately to be rendered as the result of a claim proceeding. The bare assertion that Claimant "never lived in the same residence as the decedent and was not a member of his household at the time of his death" is simply not dispositive of the question of whether Claimant was eligible. Under the case law before *Weber,* a claimant's actual physical residence with the deceased employee was not required; membership in the decedent's household embraced those who were dependent upon the decedent for support at the time of death. *Lehigh Foundations,* (citing *Penn Sanitation Co. v. Hoskins,* 10 Pa. Commonwealth Ct. 528, 312 A.2d 458 (1973)).[4] The

---

[3] In *Lehigh Foundations,* this Court recognized that, because of *Weber v. Aetna Casualty and Surety Co.,* 406 U.S. 164 (1972), illegitimate children must be treated under The Pennsylvania Workmen's Compensation Act in the same manner as any other child of the decedent.

[4] In determining whether the decedent stood *in loco parentis* to the illegitimate child, it was necessary to present, in addition to evidence of support, evidence of other factors such as whether the decedent lived with the child, disciplined the child or considered it his. *Penn Sanitation Co. v. Hoskins,* 10 Pa. Commonwealth Ct. 528, 312 A.2d 458 (1973).

record indicates that Claimant did receive support from the decedent which continued, albeit not regularly, until the time of his death. Under these circumstances, we find no excuse for the failure to pursue a claim in a timely fashion,[5] regardless of what subsequent court decisions such as *Weber* held regarding the entitlement of illegitimate children. *See Harris v. Department of Public Welfare*, 29 Pa. Commonwealth Ct. 348, 370 A.2d 1250 (1977). Accordingly, we also reject Petitioner's second argument and affirm the Board's dismissal of the death benefits petition.

## ORDER

Now, February 23, 1983, the decision and order of the Workmen's Compensation Appeal Board in the above captioned matter, No. A-79773, dated May 21, 1981, is hereby affirmed.

---

[5] Similarly, the statement allegedly made to Petitioner concerning Claimant's eligibility for benefits by a representative of the Kelly Trucking Co., even if viewed as unintentionally deceiving Petitioner into not filing a claim, was made "within several months" of Walton's death and would only serve to extend the period for filing a claim by that amount of time. *Workmen's Compensation Appeal Board v. Griffith*, 28 Pa. Commonwealth Ct. 623, 368 A.2d 1371 (1977). It does not serve to permit a filing some ten years later.